SLIP OPINION  Cite as 2014 Ark. 397

# SUPREME COURT OF ARKANSAS

No. CR–13-1006

| | |
|---|---|
| ROLANDIS LARENZO CHATMON<br>APPELLANT | **Opinion Delivered** September 25, 2014 |
| V. | APPEAL FROM THE FAULKNER<br>COUNTY CIRCUIT COURT<br>[NO. 23CR-12-571] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE MICHAEL A.<br>MAGGIO, JUDGE |
| | <u>REMANDED TO SETTLE AND<br>SUPPLEMENT THE RECORD;<br>REBRIEFING ORDERED</u>. |

## PER CURIAM

Appellant Rolandis Larenzo Chatmon appeals from the sentencing order of the Faulkner County Circuit Court reflecting his convictions on three counts of aggravated robbery, one count of theft of property, including firearm enhancements, and his sentence as a habitual offender to a total term of imprisonment for life. He asserts three points on appeal: that the circuit court erred in (1) failing to grant his motion for directed verdict; (2) admitting certain audio recordings; and (3) denying his motion for new trial based on a claim of ineffective assistance of counsel. We are unable to reach the merits of his appeal, however, because the record is not in compliance with Arkansas Supreme Court Administrative Order No. 4(a) (2013), and Chatmon's brief is not in compliance with Arkansas Supreme Court Rule 4–2(a)(5), (8) (2013). We therefore remand the matter to the circuit court to settle and supplement the record, and we order Chatmon to file a substituted brief after the



supplemental record is filed.

Contained in the instant record are three compact discs—two of which contain 911 calls made by two of the three victims and one containing recorded phone calls between Chatmon and his then girlfriend, Crystal Brown, who testified in the State's case-in-chief at trial. Chatmon challenges on appeal the authentication of the latter disc, as well as the sufficiency of the evidence against him; however, his addendum contains only a photocopy of the disc. Arkansas Supreme Court Rule 4-2(a)(8)(A)(i) requires that the addendum contain any pleading or document, including exhibits such as compact discs, "that is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal." Ark. Sup. Ct. R. 4-2(a)(8)(A)(i). For this court to understand the case and decide the issues on appeal, a photocopy of the disc simply will not suffice.

But, in addition, our review of the record reveals that it does not comply with Arkansas Supreme Court Administrative Order No. 4(a), which provides that

> [u]nless waived on the record by the parties, it shall be the duty of any circuit court to require that a verbatim record be made of all proceedings, including any communications between the court and one or more members of the jury, pertaining to any contested matter before the court or the jury.

This would include a verbatim record of any audio recordings played at trial, unless waived on the record by the parties. The instant record, however, lacks either. We therefore remand the matter to the circuit court to settle the record and have transcribed all audio recordings that were played for the jury during Chatmon's trial. The record shall be supplemented within thirty days of this order's date and, after the supplemental record has been filed, Chatmon shall file a substituted brief that complies with our rules for abstracting

SLIP OPINION

stenographically reported material and governing items to be included in the addendum. *See* Ark. Sup. Ct. R. 4-2(a)(5), (8). Further, we strongly encourage Chatmon to review the rules to ensure that no other deficiencies are present prior to filing his substituted brief.

We remand to settle and supplement the record within thirty days of the date of this order, and we order rebriefing. Pursuant to Arkansas Supreme Court Rule 4-2(b)(3), Chatmon's substituted brief shall be filed within fifteen days of the supplemental record being filed. Within fifteen days of Chatmon's substituted brief being filed, the State may revise or substitute its brief, or it may rely on its previously filed brief.

Remanded to settle and supplement the record; rebriefing ordered.

*Digby Law Firm*, by: *Bobby R. Digby II*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.