Cite as 2020 Ark. 269

# SUPREME COURT OF ARKANSAS

No. CR-19-643

| | |
|---|---|
| LARON HAYES, JR. | **Opinion Delivered:** September 10, 2020 |
| APPELLANT | APPEAL FROM THE BRADLEY COUNTY CIRCUIT COURT [NO. 06-CR-17-71] |
| V. | |
| | HONORABLE SAM POPE, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | SUPPLEMENTAL RECORD ORDERED. |

**PER CURIAM**

On April 25, 2019, Appellant Laron Hayes, Jr., was convicted by a Bradley County Circuit Court jury of first-degree murder, two counts of aggravated assault, and first-degree terroristic threatening. Hayes was sentenced to life imprisonment plus fifteen years' imprisonment for a firearm enhancement pursuant to Ark. Code Ann. § 16-90-120. Additionally, he received six years' imprisonment for his first count of aggravated assault, six years' imprisonment for his second count of aggravated assault, and six years' imprisonment for first-degree terroristic threatening. Hayes's sentences are to be served consecutively. On appeal, Hayes challenges the sufficiency of the evidence as to each conviction.

On August 15, 2019, the record was electronically filed per our pilot program. *See In re Acceptance of Records on Appeal in Elec. Format*, 2019 Ark. 213 (per curiam). While we do have a verbatim record of the in-court audio played for the jury from State's exhibit 2 and

State's exhibit 40, the record is missing the CDs containing the audio and video files. State's exhibit 2 is a recording of a partial telephone conversation between Hayes and James Pope. The substance of this telephone conversation serves as the basis for his first-degree terroristic-threatening conviction. State's exhibit 40 is a video of Hayes's interview conducted by Arkansas State Police special agent David Tumey the day after the shooting. During this interview, Hayes describes the events surrounding the shooting death of Colby Rice.

> *In re Acceptance of Records on Appeal in Elec. Format*, 2019 Ark. 213 provides:
>
> Exhibits to transcripts, other than physical evidence, shall be scanned when possible and included in the court reporter's portion of the record. *Any documentary exhibits that cannot be scanned shall be provided to the appellant or appellant's counsel for conventional filing*, and the electronic record shall identify any exhibits that are not included in the electronic record.

*Id.* at 3 (emphasis added). Here, the record states that State's exhibit 2 and exhibit 40 were not scanned but were retained by the court reporter. Thus, the CDs "shall be provided to the appellant or appellant's counsel for conventional filing." Accordingly, we order Hayes to file a supplemental record containing the missing CDs within seven days from the date of this opinion. We encourage counsel to review our rules to ensure that no other deficiencies are present.

Supplemental record ordered.