Cite as 2020 Ark. 300

# SUPREME COURT OF ARKANSAS

No. CR-20-88

|  |  |
|---|---|
| ANTHONY DEWAYNE BROWN<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** October 1, 2020<br><br>APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CR-19-9]<br><br>HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE<br><br><u>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD.</u> |

**RHONDA K. WOOD, Associate Justice**

Anthony Brown appeals from the order sentencing him to life in prison for first-degree murder. Brown argues on appeal that insufficient evidence supported the conviction. We cannot reach the merits at this time because the electronically submitted record has several defects.

First, an audio recording of a 911 call was played during the jury trial and was entered into evidence. But no verbatim record of the audio recording has been included in the record. Under Arkansas Supreme Court Administrative Order Number 4(a), the circuit court must ensure "that a verbatim record be made of all the proceedings." The parties can waive this requirement. But the making of a verbatim record was not waived here, and the audio recording was not transcribed.

Second, the record lacks a verbatim record by the court reporter of Brown's in-custody interviews. Pre-prepared transcripts and audio recordings were submitted as exhibits, but the in-court audio was not transcribed by the court reporter. Again, there was no waiver on the record. We therefore remand for the circuit court to settle the record and have transcribed all audio recordings that were played for the jury during trial. *See Chatmon v. State*, 2014 Ark. 397 (per curiam).

Last, the record was submitted electronically per our pilot program. *See In re Acceptance of Records on Appeal in Elec. Format*, 2019 Ark. 213 (per curiam). The current pilot program does not provide for attachment of digitized versions of audio recordings. As a result, physical copies of the 911 call and in-custody interviews should have been filed with the clerk conventionally: "Any documentary exhibits that cannot be scanned shall be provided to the appellant or appellant's counsel for conventional filing, and the electronic record shall identify any exhibits that are not included in the electronic record." *Id.* at 3; *see also Hayes v. State*, 2020 Ark. 269 (per curiam). The per curiam also notes that Rule 7 of the Arkansas Rules of Appellate Procedure–Civil would be amended as follows: "If the record contains exhibits or other items that cannot be digitized, those exhibits that were not digitized shall be filed conventionally, and the rest of the record shall be filed electronically

and shall include a log describing those items that were not digitized." *Id.* at 26.[1] On remand, Brown should file these exhibits conventionally as a supplement to the record.

Remanded to settle and supplement the record.

*Jimmy C. Morris, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.

---

[1]The Arkansas Rules of Appellate Procedure–Civil govern the preparation of the record on appeal, even in criminal cases. Ark. R. App. P.–Crim 4(a).