Cite as 2022 Ark. App. 131

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-21-254

| | | |
|---|---|---|
| LOGAN MORRISON | | Opinion Delivered March 16, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-19-2471] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | HONORABLE BRADLEY L. KARREN, JUDGE |
| | | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD |

## RITA W. GRUBER, Judge

Appellant Logan Morrison was convicted by a Benton County jury of rape and aggravated assault and sentenced as a habitual offender to consecutive sentences of sixty years and twelve years, respectively. On appeal, appellant challenges the sufficiency of the evidence to support the convictions and also contends that the circuit court gave Arkansas Model Jury Instruction–Criminal 206 in error. We are unable to reach the merits of appellant's arguments at this time because the case must be remanded to settle and supplement the record and to correct deficiencies in the electronic record.

The sentencing order in this case was entered on November 6, 2020, and the notice of appeal was filed on December 1, 2020. After the circuit court granted an extension of time to file the record until June 6, 2021, appellant filed an electronic record with this court

on Monday, June 7, 2021. At this time, the parties were authorized to proceed under the proposed amendments to the appellate court rules as a pilot project in cases with an electronic record. *See In re Acceptance of Records on Appeal in Elec. Format*, 2019 Ark. 213 (per curiam) (June 6, 2019).[1]

During the trial in this case, several digital media exhibits were played for the jury and admitted into evidence. These include State's exhibit 8 (CD audio recording of police interaction with appellant on October 4, 2019); State's exhibit 24 (DVD surveillance video); State's exhibit 25 (DVD audio recording of police interview of appellant on October 8, 2019); and State's exhibit 27 (DVD audio recording of police interview on October 9, 2019). In addition, court's exhibit 11, which was ordered to be sealed (DVD related to a jury matter) was also admitted. Although a transcription of the audio portions of the exhibits are included in the transcript, the exhibits (CDs and DVDs) are not included in the record. The parties have referenced some of these exhibits in their briefs.

The supreme court's per curiam *In re Acceptance of Records on Appeal in Electronic Format*, 2019 Ark. 213, provides as follows:

> Exhibits to transcripts, other than physical evidence, shall be scanned when possible and included in the court reporter's portion of the record. Any documentary exhibits that cannot be scanned *shall be provided to the appellant or appellant's counsel for conventional filing*, and the electronic record shall identify any exhibits that are not included in the electronic record.

---

[1]The proposed amendments with changes and additions were adopted by the supreme court on December 17, 2020. *See In re Acceptance of Records on Appeal in Elec. Format*, 2020 Ark. 421 (per curiam) (Dec. 17, 2020). The supreme court made electronic filing of appeals mandatory for cases in which the notice of appeal was filed on or after June 1, 2021.

(Emphasis added.) *See also Hayes v. State*, 2020 Ark. 269 (ordering appellant to file a supplemental record of missing CDs that were supposed to be filed conventionally pursuant to *In re Acceptance of Records on Appeal in Electronic Format*, 2019 Ark. 213).

The proposed amended Rule 7 of the Arkansas Rules of Appellate Procedure–Civil under the pilot program provides how an electronic record shall be formatted and transmitted to the appellate court.[2] In regard to exhibits that cannot be digitized, Rule 7 provides in part:

> (b)(5) If the record contains exhibits or other items that cannot be digitized, those exhibits that were not digitized shall be filed conventionally, and the rest of the record shall be filed electronically and shall include a log describing those items that were not digitized.

Ark. R. App. P.–Civ. 7(b)(5). The proposed amended Arkansas Supreme Court Rule 3-4(b)(3) sets out the items to be included in the court reporter's portion of the electronic record in criminal cases, including a "[l]ist of exhibits not included in the electronic transcript." Ark. Sup. Ct. R. 3-4(b)(3). The record in this case does not provide a list of exhibits not included in the electronic transcript or a log describing the exhibits that were not digitized.

In addition, there appear to be typographical errors throughout the trial transcript that may have resulted from the use of a voice-transcription program without the benefit of editing for accuracy. Some of the perceived errors appear in the transcription of State's exhibit 25 (audio recordings of a police interview with appellant), which is also one of the

---

[2]The Arkansas Rules of Appellate Procedure–Civil govern the preparation of the record on appeal, even in criminal cases. Ark. R. App. P.–Crim 4(a); *see also Brown v. State*, 2020 Ark. 300.

missing exhibits. While there are bound to be occasional errors in transcription, some of the potential errors make it difficult to decipher parts of the transcript, including parts that are cited by the parties.

In light of the foregoing, we remand to the circuit court to settle and supplement the record. We direct appellant's counsel to coordinate with the Benton County Circuit Clerk and the court reporter to correct the above deficiencies contained in the record and to resubmit a corrected certified copy as well as the missing exhibits that are required by the rules to be conventionally filed, within thirty days from the date of this opinion. We also encourage counsel to review our rules to ensure that no other deficiencies are present.

Remanded to settle and supplement the record.

VAUGHT and HIXSON, JJ., agree.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.