Cite as 2020 Ark. 421

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE FINAL RULES FOR ACCEPTANCE OF RECORDS ON APPEAL IN ELECTRONIC FORMAT AND ELIMINATION OF THE ABSTRACTING AND ADDENDUM REQUIREMENTS | **Opinion Delivered** December 17, 2020 |

## PER CURIAM

Today, we are pleased to announce the adoption of final rules concerning electronic records and briefing in this court and the court of appeals. On June 6, 2019, we authorized the electronic filing of all case-initiating documents, including electronic records on appeal. *In re Acceptance of Records on Appeal in Electronic Format and Elimination of the Abstracting and Addendum Requirements*, 2019 Ark. 213. At that time, we published for comment proposed amendments to our court rules that incorporated the electronic filing of case-initiating documents, that eliminated the abstract and addendum requirements for appellate briefs, and that updated our briefing rules. *Id.* We also authorized parties to proceed under the proposed amendments in cases with an electronic record as a pilot-project to test the feasibility of the proposed amendments. *Id.* Because the pilot-project has been a success, we adopt the proposed amendments as final with some minor additions and revisions, and we make the electronic filing of appeal records mandatory for cases in which the notice of appeal was filed on or after June 1, 2021.

The final amendments[1] are set out in full at the end of this order, as well as in "line-in, line-out fashion (new material is underlined; deleted material is lined through). The "line–in, line–out" inclusion is intended to make clear the changes we have made to the proposed rules set forth in 2019 Ark. 213. These rule changes shall take effect immediately and require, among other things, that appeal records and other case-initiating documents be filed electronically. However, we recognize that there are cases in which the circuit clerks and court reporters are likely in the process of preparing some appeal records in paper format. Therefore, we authorize the clerk of this court to accept for filing conventional paper appeal records when the notice of appeal is filed prior to June 1, 2021, but the briefs in those cases must include an abstract and an addendum. For all cases in which the notice of appeal is filed on or after June 1, 2021 (except for cases in which the appellant is proceeding pro se),[2] the record shall be filed in electronic format.

At this time, we also take the opportunity to highlight the importance of the new "jurisdictional statement" and "statement of the case and the facts" sections that were included in the proposed amendments and are adopted as final today. These new sections replace the abstract and addendum requirements and are therefore crucial to appellate

[1]This order amends the following Supreme Court Rules: 1-2, 1-4, 2-3, 3-1, 3-3, 3-4, 4-1, 4-2, 4-3, 4-4, 4-5, 4-7, 6-1, 6-7, and 6-9. This order also amends Rule 7 of the Arkansas Rules of Appellate Procedure-Civil, Rule 3 of the Arkansas Rules of Appellate Procedure-Criminal, and Rule 6-9 Form 2 for use in dependency-neglect appeals.

[2]For cases in which the appellant is proceeding pro se, circuit court staff shall continue to prepare the record on appeal in conventional paper form unless the appellant requests an electronic record. However, conventional paper records should, to the extent possible, be formatted and paginated according to the requirements for electronic appeal records.

briefing under the rules as amended. *Id.* at 3–4. The addendum provided the court with information about all of the claims raised below, the disposition of those claims, and the timeliness of the appeal so that we could confirm our appellate jurisdiction. This jurisdictional information must now be contained in the new jurisdictional statement. Ark. Sup. Ct. R. 4-2(a)(5) (as amended by this order). And the statement of the case and the facts section, like the abstract before it, must contain all "material" information that "is essential to understand the case and to decide the issues on appeal." *Compare* Ark. Sup. Ct. R. 4-2(a)(5) (the former abstract rule) *with* Ark. Sup. Ct. R. 4-2(a)(6) (the new statement of the case and the facts rule as amended by this order). Thus, appellate practitioners must be careful to discuss important factual and procedural information in the new statement of the case and the facts section so that the appellate courts can understand the evidence presented below to decide the issues on appeal.[3] The jurisdictional statement and the statement of the case and the facts must also be supported by pinpoint citations to the electronic record in the format required by Supreme Court Rule 4-2(f) as amended by this order.

These new rules still require the appellant to transmit the record on appeal from the circuit court to the appellate courts. As noted in *In re Acceptance of Records on Appeal in Electronic Format and Elimination of the Abstracting and Addendum Requirements*, 2019 Ark. 213, we are exploring the possibility of an automated process that would allow the circuit clerks to submit trial court records directly to the appellate clerk. We continue to explore that

---

[3]And as with the abstract, any fact not referenced in the statement of the case and the facts cannot support the grant of rehearing. *Compare* Sup. Ct. R. 2-3(h) (prior version) *with* Sup. Ct. R. 2-3(h) (as amended by this order).

possibility. As technology improves, it is essential that we keep pace to ensure maximum access to justice.

Lastly, we authorize the clerk of this court to promulgate and update policies and procedures for the implementation of this order and for the use and operation of the electronic-filing and document-management systems. *See In re Acceptance of Records on Appeal in Electronic Format*, 2019 Ark. 213, at 6–7.

**Rules of the Supreme Court and the Court of Appeals of the State of Arkansas**

**Rule 1–2. Appellate jurisdiction of the Supreme Court and Court of Appeals.**

. . . .

(c) Transfer and certification. The Supreme Court may transfer to the Court of Appeals any case appealed to the Supreme Court and may transfer to the Supreme Court any case appealed to the Court of Appeals. If the Court of Appeals seeks to transfer a case, the Court of Appeals shall find and certify that the case: (1) is excepted from its jurisdiction by Rule 1–2(a), or (2) otherwise involves an issue of significant public interest or a legal principle of major importance. The Supreme Court may accept for its docket cases so certified or may remand any of them to the Court of Appeals for decision. The Clerk of the Court shall notify the parties or their counsel of the transfer of any case.

(d) Petition for review. No appeal as of right shall lie from the Court of Appeals to the Supreme Court. The Supreme Court will exercise its discretion to review an appeal decided by the Court of Appeals only on application by a party to the appeal, upon certification of the Court of Appeals, or if the Supreme Court decides the case is one that should have originally been assigned to the Supreme Court. In determining whether to grant a petition to review, the following, while neither controlling nor fully measuring the Supreme Court's discretion, indicate the character of reasons that will be considered: (i) the case was decided in the Court of Appeals by a tie vote, (ii) the Court of Appeals rendered a decision which is arguably in conflict with a prior holding of a published opinion of either the Supreme Court or the Court of Appeals, or (iii) the Court of Appeals arguably erred in some way related to one of the grounds listed in Rule 1–2(b).

(e) Improper filing. No case filed in either the Supreme Court or the Court of Appeals shall be dismissed for having been filed in the wrong court but shall be transferred or certified to the proper court.

(f) Allocation of workload. Notwithstanding the foregoing provisions, cases may be assigned and transferred between the courts by Supreme Court order to achieve a fair allocation of the appellate workload between the Supreme Court and the Court of Appeals.

(g) In all appeals from criminal convictions or post-conviction relief matters heard in the Court of Appeals, the appellant shall not be required to petition for rehearing in the Court of Appeals or review in the Supreme Court following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. When the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the appellant shall be deemed to have exhausted all available state remedies.

**Rule 1–4. Clerk's Office Business Hours.**

The Clerk will record the exact time and date of filing or tender upon any document filed or tendered for filing in the Clerk's Office. Filings shall occur only between business hours of 8:00 a.m. and 5:00 p.m. on business days; however, Administrative Order 21 controls electronic filing.

. . . .

**Rule 2–3. Petitions for rehearing.**

. . . .

(h) Previous reference in the statement of the case and the facts. In no case will a rehearing petition be granted when it is based upon any fact thought to have been overlooked by the Court, unless reference has been clearly made to it in the statement of the case and the facts prescribed by Rule 4-2.

. . . .

**Rule 3–1. Preparation of the record.**

. . . .

(f) Pagination. The circuit clerk's portion of the record shall be consecutively paginated, including any papers under seal, and the cover of the circuit clerk's portion shall be page one. The court reporter's portion of the record shall be separately paginated, and the cover of the court reporter's portion shall be page one. Page numbers must appear on the record pages. After the record on appeal is filed with the appellate court, the cover of any supplemental records shall begin at page one.

(g) Table of contents. The circuit clerk's portion of the record and the court reporter's portion of the record shall each include a table of contents which refers to the pages in the record where the matter identified is copied. Below is an example table of contents to a circuit clerk's portion of the record:

VOLUME I-UNSEALED PLEADINGS

Complaint ............................................................................Page 3
Answer ...............................................................................Page 4
Motion for Summary Judgment .........................................Page 6
　　　Exhibit A – Medical Records (whole document
　　　Redacted and filed under seal

separate volume at pages 49–57 ....................................Page 8

Brief in Support of Summary Judgment (internal redactions
with complete version filed under seal in separate volume
at pages 58–67) ........................................................Page 9

Response to Motion for Summary ........................................Page 19

    Exhibit A – Medical Records (internal redactions
    with complete version filed under seal in separate
    volume at pages 68–71) ...........................................Page 29

Brief Opposing Summary Judgment.....................................Page 34

Judgment ........................................................................Page 45

Notice of Appeal     ........................................................Page 47


VOLUME II-SEALED PLEADINGS


    Exhibit A to Motion for Summary Judgement-
    Sealed Medical Records ............................................Page 49

Sealed Brief in Support of Motion for
Summary Judgment ......…………………………....……… Page 58

    Exhibit A to Response to Motion for
    Summary Judgment-Sealed Medical Records ..............Page 68

Circuit clerk's certificate…....………………………....……Page 72

Certificate of costs....………………………………………Page 73

The table of contents shall identify all documents filed under seal.


(h) Fee for index. Clerks may add to their fee for the record a reasonable charge for these items where no charge is fixed by statute.


(i) Record fee and costs certified. The fee for the production of the record must be certified in all cases; in addition, all costs in the circuit court must be reported, and by whom paid.


(j) Clerk's record and reporter's transcript--Paper size and preparation.


The record must be prepared in the digital equivalent of plain typewriting or computer or word processor printing of the first impression, not copies, on 8½ x 11-inch paper. All transcripts shall be prepared by certified court reporters and comport with the following rules:


(1)    No fewer than 25 typed lines on standard 8½ x 11-inch paper;
(2)    No fewer than 9 or 10 characters to the typed inch;
(3)    Left-hand margins to be set at no more than 1¾ inches;
(4)    Right-hand margins to be set at no more than three-eighths of an inch;
(5)    Each question and answer to begin on a separate line;

(6)     Each question and answer to begin at the left-hand margin with no more than 5 spaces from the "Q" and "A" to the text;

(7)     Carry-over "Q" and "A" lines to begin at the left-hand margin;

(8)     Colloquy material, quoted material, parentheticals and exhibit markings to begin no more than 15 spaces from the left-hand margin with carry-over lines to begin no more than 10 spaces from the left-hand margin;

(9)     All transcripts to be prepared in the lower case;

(10)    All transcripts submitted on paper shall be prepared on only one side of the paper, not front and back;

(11)    All transcripts of depositions shall comply with these Rules.


(k)     Exhibits. Photographs, charts, drawings, real-property surveys, and other documents that can be digitized shall be included. Documents of unusual bulk or weight shall not be transmitted by the clerk of the circuit court unless the clerk is directed to do so by a party or by the Clerk of the Court. Physical exhibits other than documents shall not be transmitted by the clerk of the circuit court except by order of the Court. Digital media, such as audio and video recordings, that are part of the record shall be filed conventionally in the appellate court.

(l)     Folding of record. Records portions submitted on paper must be transmitted to the Clerk without being folded or creased.

(m)     Record in volumes. Where the record is 30 megabytes or larger, it shall be divided into separate files, each of which is less than 30 megabytes and is paginated continuously from the preceding file to the subsequent file. Any portion of the record filed under seal shall be a separate PDF file.

(n)     The term "record" in civil cases, and as used in these Rules, refers only to the pleadings, judgment, decree, order appealed, transcript, exhibits, and certificates. Records on appeal shall be divided into a circuit court clerk's portion and into a court reporter's portion, if any proceedings in the case were transcribed by a court reporter.

(o)     Sealed record portions. If any portion of the record is sealed, the sealed materials shall be saved as a separate PDF file, the name of the PDF file should indicate that the contents are sealed. The documents in the sealed file shall be paginated consecutive to where the page numbering ends in the unsealed file or files.

(p)     No password protection. Electronic records on appeal shall not be password protected.

(q)     Image resolution. If any portion of the record must be scanned to create an appeal record, the scanner settings should be set at an image resolution of 300 dots per inch (DPI).

**Rule 3–3. Record in Civil Cases.**

Not all records in civil cases will have the same contents. To the extent possible, items will be arranged in chronological order according to filing date, which will usually be in the following sequence:

(a) Circuit clerk's portion of the electronic appellate record.

1. Cover;
2. Table of Contents;
3. Complaint;
4. Plaintiff's exhibits that accompany the Complaint;
5. Statement regarding summons, set out in Rule 3-2(b);
6. Answer;
7. Defendant's exhibits that accompany the Answer;
8. Subsequent pleadings and orders in chronological order;
9. Final judgment, decree, or order appealed;
10. Post-judgment decree, order or motion (e.g., motions for new trial);
11. Orders granting or denying post-judgment motions;
12. Notice of appeal and designation of record;
13. Statement of points to be relied upon if abbreviated record designated;
14. Extensions of time to file record on appeal;
15. Stipulations to abbreviated records;
16. Narrative of testimony upon stipulations;
17. Supersedeas bond;
18. Circuit clerk's certificate, duly acknowledged; and
19. Certificate of costs of circuit clerk's portion of appellate record, indicating payor.

(b) Court reporter's portion of the electronic appellate record.

1. Cover;
2. Table of Contents;
3. Transcription of proceedings;
4. Digitized transcript exhibits;
5. List of exhibits not included in the electronic transcript;
6. Court reporter's certificate; and
7. Court reporter's certificate of costs of the transcript, indicating payor.

## Rule 3-4. Record in Criminal Cases.

Not all records in criminal cases will have the same contents. To the extent possible, items will be arranged in chronological order according to filing date, which will usually be the following sequence:

(a) Circuit clerk's portion of the electronic appellate record.

1. Cover;
2. Table of Contents;
3. Return of the indictment or information;
4. Defendant's pleadings;
5. Subsequent pleadings and orders in chronological order;
6. Final judgment and commitment or order appealed;
7. Verdict forms and written jury instructions;
8. Motion for new trial, to set aside, amend, etc.;
9. Order granting or denying above motions;
10. Notice of appeal and designation of record;
11. Extensions of time to file record on appeal;
12. Appeal bond;
13. Circuit clerk's certificate, duly acknowledged; and
14. Certificate of costs of circuit clerk's portion of appellate record, indicating payor.

(b) Court reporter's portion of the electronic appellate record.

1. Cover;
2. Table of Contents;
3. Transcription of proceedings;
4. Digitized transcript exhibits;
5. List of exhibits not included in the electronic transcript;
6. Court reporter's certificate; and
7. Court reporter's certificate of costs of the transcript, indicating payor.

(c) Record of jury matters. (1) The record shall not include the impaneling or swearing of the jury, the names of the jurors, or any motion, affidavit, order, or ruling in reference thereto unless expressly called for by a party's designation of the record. (2) Verdict forms shall be inserted in the record. Written jury instructions and proffered jury instructions shall be inserted in the record when expressly identified by a party's designation of the record.

**4–1. Style of electronic briefs.**

(a) *Format*. Briefs filed by represented parties shall be typewritten using word-processing software, shall be contained in a single electronic file, and shall be in word-searchable portable document format (PDF). PDF files shall be converted from the word-processing software from which they were created, rather than by scanning paper documents. Electronic briefs shall not contain hyperlinks to external papers or websites.

(b) *Spacing*. Briefs shall be double-spaced, except for quoted material, which may be single-spaced and indented. Footnote lines, except quotations, shall be double-spaced. Use of footnotes is not encouraged and should be used sparingly.

(c) *Margins*. The margins at the top bottom, and sides of each page shall be not less than one inch except that the top margin of the brief cover shall be not less than two inches to accommodate the file-mark.

(d) *Font*. Typeface shall be proportionally spaced, shall not be less than 14 points, and must include serifs, but sans-serif type may be used in headings and captions.

(e) *Pagination and bookmarks*. Briefs shall be paginated consecutively, and the cover page shall be page one. Briefs shall also be bookmarked for ease of navigation. There shall be a bookmark for each section of the brief referenced in Rule 4-2(a).

(f) *Compliance with Administrative Order No. 19 required*. Briefs shall comply with the requirements of Administrative Order Number 19 concerning confidential information and the following requirements.

(1) *Redaction*. Confidential information shall be redacted from appellate briefs in the manner described in Arkansas Rule of Civil Procedure 5(c).

(2) *Redaction Not Required for Sealed Cases*. If the entire record on appeal is sealed pursuant to statute, court rule, court order, or court practice, all briefs filed in the case shall be filed under seal, and no redaction is required.

(3) *Unredacted briefs*. If court review of any confidential information redacted from a brief is necessary to decide the appeal, the party filing the brief must file an unredacted version of the brief under seal. If court review of redacted confidential information is not necessary to decide the appeal, the party filing the brief is not required to file an unredacted brief.

**Rule 4–2. Contents of electronic briefs.**

(a) *Appellants' briefs.* The contents of appellants' briefs shall be in the following order.

(1) *Cover.* On the cover of every brief there should appear the number and style of the case in the Supreme Court or Court of Appeals; a designation of the court from which the appeal is taken, and the name of its presiding judge; the title of the brief; and the name or names of counsel who prepared it, including their bar numbers, addresses, telephone numbers, and e-mail addresses.

(2) *Table of contents.* Each brief must include a table of contents. It should reference the page number for the beginning of each of the major sections identified in Rule 4-2(a)(2)–(10). Internal hyperlinks in the table of contents to each section is permissible, but not required.

(3) *Points on appeal.* The appellant shall list and separately number, concisely and without argument, the points relied upon for a reversal of the judgment or decree. The appellee must follow the same sequence and arrangement of points as contained in the appellant's brief and may then state additional points. Either party may insert under any point not more than two citations which the party considers the principal authorities on that point.

(4) *Table of authorities.* The table of authorities shall be an alphabetical listing of authorities with a designation of the page number of the brief on which the authority appears. The authorities shall be grouped as follows:

(A) Cases
(B) Statutes and Rules
(C) Books and Treatises
(D) Miscellaneous

(5) *Jurisdictional Statement.* Briefs must contain a brief statement, supported by citations to applicable authority and to the pages of the appellate record, demonstrating the appellate court's jurisdiction. The statement must identify:

(A) Information demonstrating that the appeal is from a final order or judgment that disposes of all of the parties' claims, or information establishing the appellate court's jurisdiction on some other basis;

(B) The filing dates establishing the timeliness of the appeal; and

(C) Whether, under Supreme Court Rule 1-2, the appeal should be decided by the Arkansas Supreme Court or the Arkansas Court of Appeals.

(6) *Statement of the case and the facts.* The appellant's brief shall contain a concise statement of the case and the facts without argument. The statement shall identify and discuss all material

factual and procedural information contained in the record on appeal. Information in the appellate record is material if the information is essential to understand the case and to decide the issues on appeal. All material information must be supported by citations to the pages of the appellate record where the information can be found.

(7) *Argument*. Arguments shall be presented under subheadings numbered to correspond to the outline of points to be relied upon. For each issue, the applicable standard of review shall be concisely stated at the beginning of the discussion of the issue. Citations of decisions of the Arkansas Supreme Court and Court of Appeals must be from the official reports, and all citations to both official and unofficial reports shall follow the format prescribed in Rule 5-2. All citations of decisions of any other court must state the style of the case and cite the official reporter (including a regional reporter so designated by the issuing court) in which the case is found. If the case is also reported by unofficial publishers, including an unofficial electronic database, one of these should also be cited. Reference in the argument portion of the parties' briefs to material found in the appellate record shall be followed by a reference to the page number of the appellate record at which such material may be found.

(8) *Request for Relief*. The appellant shall request, with specificity, all relief sought on appeal.

(9) *Certificate of service*. All briefs must include a certificate of service evidencing service of the brief in compliance with Rule 4-4(e).

(10) *Certificate of Compliance with Administrative Order No. 19, Administrative Order 21 Sec. 9, and With Word-Count Limitations*. All briefs must include a statement that the brief complies with (1) Administrative Order No. 19's requirements concerning confidential information; (2) Administrative Order 21, Section 9, which states that briefs shall not contain hyperlinks to external papers or websites, and (3) the word-count limitations identified in Rule 4-2(d). The person preparing the certificate may rely on the word count of the word-processing system used to prepare the document. The certificate must state the number of words in the document.

(b) *Appellees' briefs*. Appellees' briefs shall conform to the requirements of Rule 4-2(a) except that appellees may, but are not required to, submit a jurisdictional statement and a statement of the case and facts. Appellees may adopt by reference all or part of the appellant's jurisdictional statement or statement of the case and the facts and may respond to or supplement those statements if the appellee controverts them or believes them to be insufficient.

(c) *Reply Briefs*. Reply briefs shall contain a cover, a table of contents, a table of authorities an argument, a certificate of service, and a certificate of compliance with Administrative Order No. 19 and with the word-count limitations contained in Rule 4-2(d).

(d) *Word-Count Limitations*: Briefs shall comply with the word-count limitations identified below, and only the jurisdictional statement, the statement of the case and the facts, the argument, and the request for relief shall be counted against these limitations. The cover, the table of contents, the points on appeal, the table of authorities, the certificate of service, the certificate of compliance, and any list of adverse rulings required by Rule 4–3(a) shall not count against these limitations.

(1) *Appellants' brief and appellees'* briefs. Appellants' briefs and appellees' briefs shall be no longer than 8600 words.

(2) *Reply briefs*. Reply briefs shall be no longer than 2875 words.

(3) *Appellees/cross-appellants' briefs*. If an appellee is also a cross-appellant, the argument on cross-appeal shall appear after the appellee's argument in the brief, and appellee/cross-appellant's brief shall be no longer than 14,325 words.

(4) *Reply/cross-appellees' briefs*. If the appellant is also a cross-appellee, the cross-appellee's argument shall follow the appellant's argument in reply, and the reply/cross-appellee's brief shall be no longer than 11,475 words.

(e) *Motions for expansion of word-count limitations*. Motions for an expansion of the word-count limitations must set forth the reason or reasons for the request, must state that a good faith effort to comply with this rule has been made, and must specify the number of additional words requested.

(f) *Citation to electronic record*. Citation to the circuit clerk's portion of the electronic record shall be enclosed in parentheses, shall include the letters "RP" (which is short for "Record–Pleadings"), and shall include the page number or numbers where the cited information can be found in the circuit clerk's portion of the record. Citation to the court reporter's portion of the record shall be in the same format but shall include the letters "RT" (which is short for "Record–Transcript"). For example, citation to page 57 of the circuit clerk's portion would be "(RP 57)," and citation to page 456 of the court reporter's transcript would be "(RT 456)." A range of pages should be cited as "(RP 231–239) (RT 457–459)," and a series of page numbers should be cited as "(RP 7, 67, 231) (RT 45, 334)."

**Rule 4–3. Special rules for briefs in cases where defendant is sentenced to life imprisonment or death and for no-merit briefs.**

(a) *Court's review of errors in death or life imprisonment cases*. When the sentence is death or life imprisonment, the Court must review all errors prejudicial to the appellant in accordance with Ark. Code Ann. Sec. 16–91–113(a). To make that review possible, the appellant must include, in addition to the contents required by Rule 4-2, a list of all rulings adverse to him or her made by the circuit court on all objections, motions and requests made by either party, and the list must include the information needed for an understanding of each adverse

ruling and the page number where each adverse ruling is located in the appellate record. The list shall be placed in the brief after the request for relief. The Attorney General will make certain and certify that all of those objections have been listed and will brief all points argued by the appellant and any other points that appear to involve prejudicial error.

(b) *Withdrawal of counsel and no-merit briefs in criminal, juvenile-delinquency, and involuntary-commitment cases.*

(1) Any motion by counsel for a defendant in a criminal, a juvenile-delinquency, or an involuntary-commitment case for permission to withdraw made after notice of appeal has been given shall be addressed to the Court, shall contain a statement of the reason for the request and shall be served upon the defendant personally by first-class mail. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief. The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The brief's statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court and the page number where each adverse ruling is located in the appellate record.

(2) The Clerk shall furnish the appellant with a copy of the appellant's counsel's brief, and advise the appellant that he or she has 30 days within which to raise any points that he or she chooses, and that this may be done in either typewritten or clearly legible handwritten form and accompanied by an affidavit that no paid assistance from any inmate of the Department of Correction or of any other place of incarceration has been received in the preparation of the response.

(3) The Clerk shall serve all such responses by an appellant on the Attorney General, who shall file a brief for the State within 30 days after such service and serve a copy on the appellant, as well as on the appellant's counsel.

(4) After a reply brief has been filed, or after the time for filing such a brief has expired, the motion for withdrawal and the briefs shall be submitted to the Court as other cases are submitted. If, upon consideration of the motion or briefs, it shall appear to the Court that the judgment of the circuit court should be affirmed or reversed, the Court may take such action on its own motion, without any supporting opinion.

**Rule 4-4. Filing and service of briefs.**

(a) *Electronic Filing.* Briefs shall be filed using the electronic filing system provided by the Administrative Office of the Courts. No paper copies are required. Any person proceeding pro se and any person with a disability or special need that prevents him or her from filing electronically shall be permitted to submit conventional paper filings consistent with Rule 4-7.

(b) *Appellant's brief.* In all cases the appellant shall, within 40 days of lodging the record, file the appellant's brief with the Clerk.

(c) *Appellee's brief and appellee/cross-appellant's brief.* The appellee shall file the appellee's brief, within 30 days after the appellant's brief is filed. If the cross-appellant is also the appellee, the two separate arguments shall be contained in one brief, and the brief shall comply with the requirements of Rule 4-2(d)(3).

(d) *Reply brief, reply/cross-appellee's brief, and cross-appellant's reply brief.* The appellant may file a reply brief within fifteen days after the appellee's brief. If the appellant is also a cross-appellee, the two separate arguments shall be contained in one brief, and the brief shall comply with the requirements of Rule 4-2(d)(4). Any cross-appellant's reply brief shall be filed within fifteen days after the cross-appellee's brief is filed.

(e) *Service of Briefs.* Briefs shall be served on opposing counsel and the circuit court by any method permitted by Arkansas Rule of Civil Procedure 5(b) and Administrative Order No. 21(7). Briefs tendered to the Clerk will not be filed unless evidence of service upon opposing counsel and the circuit court has been furnished to the Clerk. Evidence of service shall be included in each brief and shall comply with the requirements of Arkansas Rule of Civil Procedure 5(e).

(f) *Submission.* The case shall be subject to call on the next Thursday (in the Supreme Court) or Wednesday (in the Court of Appeals) after the expiration of the time allowed for filing the reply brief of the appellant or the cross-appellant. After the case has been submitted to the court for decision, the court will not consider motions to dismiss because of settlement or notice of settlement.

(g) *Noncompliance with Briefing Rules.*

(1) Noncompliance discovered at the time of filing. Briefs not in compliance with Rules 4-1, 4-2, 4-3, and 4-4 shall not be accepted for filing by the Clerk. When a party timely submits a noncompliant brief that substantially complies with the rules governing briefs, the Clerk shall mark the brief "tendered," grant the party a seven-day compliance extension, and return the brief to the party for correction. If the party resubmits a compliant brief within seven calendar days, then the Clerk shall accept that brief for filing on the date it is received.

(2) Noncompliance discovered after filing. Motions to dismiss the appeal for insufficiency of briefs will not be recognized. Deficiencies in the appellants' briefs will ordinarily come to the court's attention and be handled in one of the following ways:

(A) If the appellee considers the appellant's brief to be defective, the appellee's brief should call the deficiencies to the court's attention and may, at the appellee's option, contain a

supplemental statement of the case and facts. When the case is considered on its merits, the court may upon motion impose or withhold costs, including attorney's fees, to compensate either party for the other party's noncompliance with court rules. In seeking an award of costs under this paragraph, counsel must submit a statement showing the cost of the supplemental statement of the case and facts and a certificate of counsel showing the amount of time that was devoted to the preparation of the supplement.

(B) If the case has not yet been submitted to the court for decision, an appellant may file a motion to supplement the brief or to file a substituted brief. Subject to the court's discretion, the court will routinely grant such a motion and give the appellant fifteen days within which to file the supplemental or substituted brief. If the appellee has already filed its brief, upon the filing of appellant's supplemental or substituted brief, the appellee will be afforded an opportunity to revise or supplement its brief, at the expense of the appellant or the appellant's counsel, as the court may, upon motion, direct.

(C) Regardless of whether the appellee has called attention to deficiencies in the appellant's brief, the Court may address the question at any time. If the Court finds the brief to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and that he or she has fifteen days within which to file a substituted brief, at his or her own expense. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise the appellee's brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying brief within the prescribed time, the judgment or decree may be affirmed or the appeal dismissed for noncompliance with the Rule.

(D) If the appellate court determines that deficiencies or omissions in the brief need to be corrected, but complete rebriefing is not needed, then the court will order the appellant to file a supplemental brief within seven calendar days to provide the additional information from the record to the members of the appellate court.

(E) After the opportunity to cure deficiencies has been afforded, attorneys who fail to comply with the requirements of this rule may be referred to the Office of Professional Conduct and may be subject to any of the following: (i) contempt, (ii) suspension of the privilege to practice before the Supreme Court or Court of Appeals for a specified time or until the attorney can demonstrate a satisfactory knowledge of the rules, or (iii) imposition of any of the sanctions listed in Rule 11(c) of the Rules of Appellate Procedure-Civil.

(h) *Continuances and extensions of time.*

(1) The Clerk or a deputy clerk may extend the due date of any brief by seven (7) calendar days upon oral or electronically filed request. The party requesting a Clerk's extension must

confirm the extension by sending a letter, by electronic filing, immediately to the Clerk or the deputy clerk with a copy to all counsel of record and any pro se party. If such an extension is granted, no further extension shall be granted except by the Clerk for compliance with these Rules as provided in Rule 4-2(c) or by the Court upon a written motion showing good cause.

(2) Stipulations of counsel for continuances will not be recognized. Any request for an extension of time (except in (g)(1) and (h)(1)) for the filing of any brief must be made by a written motion, addressed to the Court, setting forth the facts supporting the request. Counsel who delay the filing of such a motion until it is too late for the brief to be filed if the motion is denied, do so at their own risk.

(i) *Briefs not required in unemployment compensation cases.* Unemployment compensation cases appealed from the Arkansas Board of Review may be submitted to the Court of Appeals for decision as soon as the transcript is filed, unless notice of intent to file a brief for the appellant is made with the Clerk prior to the filing of the transcript.

## Rule 4–5. Failure to file briefs in civil and misdemeanor cases.

If the appellant's brief has not been filed in a civil case or in a misdemeanor case within the time allowed by Rule 4-4, the Court may dismiss the appeal and affirm the judgment or decree at cost to the appellant. When the appellee has failed to appear and file a brief, the Court may, when the case is called for submission, proceed and give judgment according to the requirements of the case.

## Rule 4–7. Pro se briefs.

(a) *Style of pro se briefs.* Briefs filed by self-represented parties shall substantially comply with Rules 4-1, 4-2, and 4-4 except that they may be handwritten and filed in conventional paper form. A handwritten brief shall be clearly legible, shall not exceed 30 lines per page and 15 words per line with left-hand and right-hand margins of at least 1½ inches and upper and lower margins of at least 2 inches. The argument section of a handwritten brief shall be no longer than 30 pages. Briefs shall be of uniform size on 8½ x 11 inch paper and firmly bound on the left-hand margin by staples or other binding devices. Typed briefs shall be double-spaced, except for quoted material, which may be single-spaced and indented. Footnotes, except quotations therein, shall be double-spaced. Use of footnotes is not encouraged and should be used sparingly. The brief need not be signed by the appellant.

(b) *Affidavit.* If the pro se appellant is incarcerated, the brief shall also be accompanied by a notarized affidavit that the appellant has prepared it without the paid assistance of any other prison inmate. Where the appellant in a criminal appeal is entitled to representation by counsel, pro se briefs will be accepted only when the appellant has filed an affidavit stating that the appellant has knowingly and intelligently refused the services of an attorney on

appeal. Such a brief shall also be accompanied by an affidavit that the appellant has prepared it without the paid assistance of any other prison inmate.

(c) *Noncompliance*. Briefs not in substantial compliance with this Rule shall not be accepted for filing by the Clerk. When a party submits a brief on time that does not substantially comply with these Rules, the Clerk shall mark the brief "tendered," grant the party a 14-day compliance extension, and return the brief to the party for correction. If the party resubmits a compliant brief within fourteen calendar days, then the Clerk shall accept that brief for filing on the date it is received.

(d) *Number of briefs, time for filing, and page limitations*. One copy of all conventionally filed pro se briefs shall be filed by the deadlines set forth in Rule 4-4.

(e) *Continuances and extensions of time*. The Clerk or a deputy clerk may extend the due date of any brief by seven calendar days upon oral or letter request. If such an extension is granted, no further extension shall be granted except by the Court upon a written motion showing good cause.

## Rule 6-1. Extraordinary writs, expedited consideration, and temporary relief.

(a) Extraordinary writs

. . . .

(2) The petitioner is required to electronically file with the Clerk the original petition along with the record. Evidence of service of a copy upon the adverse party or his or her counsel of record in the circuit court is required.

. . . .

## Rule 6-7. Taxation of costs.

. . . .

(b) *Reversal*. The appellant may recover (1) brief costs not to exceed $3.00 per page with total costs of the brief not to exceed $1000.00, (2) the filing fee of $150.00 and the technology fee of $15.00, (3) the circuit clerk's costs of preparing the record, (4) the court reporter's cost of preparing the transcript, and (5) the electronic filing charge of $20.00, if applicable.

. . . .

**Rule 6–9. Rule for appeals in dependency–neglect cases.**

. . . .

(d) *Transmission of Record*. Absent extraordinary circumstances, the record on appeal shall be electronically filed with the Clerk of the Supreme Court within seventy (70) days of the filing of the Notice of Appeal. Within sixty (60) days after the filing of the Notice of Appeal and Designation of Record (Form 1), the court reporter shall provide the record to the Circuit Clerk who shall have no longer than five (5) days to prepare the record, including any transcripts and exhibits, to be transmitted for submission to the Clerk of the Supreme Court. After the record has been duly certified by the Circuit Clerk, it shall be the responsibility of the appellant to transmit the record to the Clerk of the Supreme Court for filing.

(e) *Appellants' Briefs*. Within thirty (30) days after transmission of the record to the Clerk of the Supreme Court, the appellant shall file an appellant's brief that complies with Rule 4–2(a) and that shall also include a completed "Petition on Appeal" form (Form 2). Appellants' briefs shall be filed using the electronic filing system provided by the Administrative Office of the Courts, and no paper copies are required. Any person proceeding pro se and any person with a disability or special need that prevents him or her from filing electronically shall be permitted to submit conventional paper filings. Parties filing conventionally shall provide one paper copy of the brief at the time of filing.

(f) *Appellees' Briefs and Cross-Appellants' Briefs*. Within twenty days after filing of the appellant's brief, any appellee may file an appellee's brief or an appellee/cross-appellant's brief that complies with Rules 4–2(b) and that includes a completed "response to the petition on appeal or cross-appeal" form (Form 3). Appellees' briefs and appellee/cross-appellants' briefs shall be filed using the electronic filing system provided by the Administrative Office of the Courts, and no paper copies are required. Any person proceeding pro se and any person with a disability or special need that prevents him or her from filing electronically shall be permitted to submit conventional paper filings. Parties filing conventionally shall provide one paper copy of the brief at the time of filing.

(g) *Reply Briefs, Reply/Cross-Appellees' Briefs, and Cross-Appellants' Reply Briefs*. The appellant will have ten calendar days after appellee's brief or appellee/cross–appellant's brief is filed to file a reply brief or reply/cross-appellee's brief that complies with Rule 4–2(c). If appellee files a cross-appellant's brief and the appellant has filed a cross-appellee's brief, the appellee will have ten (10) calendar days to file a cross-appellant's reply brief. The briefs shall be filed using the electronic filing system provided by the Administrative Office of the Courts, and no paper copies are required. Any person proceeding pro se and any person with a disability or special need that prevents him or her from filing electronically shall be permitted to submit conventional paper filings. Parties filing conventionally shall provide one paper copy of the brief at the time of filing.

(h) *Extensions*. The Clerk of the Supreme Court shall have the authority to grant one seven-day extension for completion of the record and one seven-day extension to any party to the appeal to file the appellant's brief or the appellee's brief. The extension shall be computed from the date the brief was originally due. Absent extraordinary circumstances, no other extensions shall be granted.

(i) *Style, Content, and Filing of Briefs*. Briefs in dependency-neglect cases shall comply with the content, style, and filing requirements of Rules 4-1, 4-2, and 4-4 except when Rule 6-9 provides differently. Reference to any minor in the briefs shall be by the minor's initials. Other parties seeking anonymity shall comply with Rule 6-3 of the Rules of the Supreme Court and Court of Appeals.

(j) *Procedure for No-Merit Briefs, Pro Se Points, and State's Response*.

(1) After studying the record and researching the law, if appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit brief and move to withdraw. In addition to the requirement set forth in subsection (e), counsel's no-merit brief must include the following:

(A) The argument section of the brief shall list all adverse rulings to the appellant made by the circuit court on all objections, motions, and requests made by the party at the hearing from which the appeal arose and explain why each adverse ruling is not a meritorious ground for reversal.

(B) The statement of the case and the facts shall contain all rulings adverse to the appellant, made by the Circuit Court at the hearing from which the order of appeal arose.

(2) Appellees are not required to, but may, respond to a no-merit brief. Appellees may file a concurrence letter supporting the no-merit brief. Any response by an appellee shall be filed within twenty (20) days of the filing of the no-merit brief.

(3) The Clerk of the Supreme Court shall mail the appellant, at the appellant's last known address, a copy of the no-merit brief and the motion to withdraw. The Clerk shall notify the appellant in writing that the appellant may raise any points that the appellant chooses and that these points may be typewritten or handwritten. The Clerk shall also notify the appellant that the points shall be received by the Supreme Court Clerk by mail or other method of delivery within thirty (30) days from the date the Clerk mailed the appellant the notification.

(4) The Clerk shall provide appellant's points by electronic transmission or other method of delivery to the Department of Human Services - Office of Chief Counsel, the Attorney Ad Litem, and appellant's counsel within three (3) business days.

(5) The Arkansas Department of Human Services shall respond and any other appellees may respond to appellant's pro se points by filing a/the response within twenty (20) days of receipt by the Clerk of the Supreme Court of the appellant's pro se points.

. . . .

**Rules of Appellate Procedure – Civil**

**Rule 7. Certification, format, and transmission of record.**

(a) Certification. The clerk of the circuit court that entered the judgment, decree, or order from which the appeal is taken shall certify the clerk's portion of the record as being a true and correct copy of the record as designated by the parties. The court reporter shall certify the court reporter's portion of the record as being a true and correct transcription of the proceedings as designated by the parties.

(b) Format. Records shall be in the electronic format identified below. However, any person proceeding pro se and any person with a disability or special need that prevents him or her from filing electronically shall be provided the record in conventional paper format unless he or she requests an electronic record. To the extent possible, conventional paper records shall be organized and paginated in the same manner as an electronic record.

(1) The record shall be saved as searchable and bookmarked portable document format (PDF) files. Bookmarks shall be made to each document in the record and at the beginning of each witness's testimony.

(2) The PDF page numbers shall correspond to the record page numbers.

(3) If there is a transcribed portion of the record, that transcribed portion shall be saved and paginated as a separate PDF file pursuant to Rule 3-1(f) of the Rules of the Supreme Court and Court of Appeals.

(4) If either the circuit clerk's portion or the court reporter's portion of the electronic record is 30 megabytes or larger, that portion shall be divided into separate files for purposes of filing, and each file shall be less than 30 megabytes. The name of each PDF volume shall indicate the page numbers of the record contained in that volume.

(5) If the record contains exhibits or other items that cannot be digitized, those exhibits that were not digitized shall be filed conventionally, and the rest of the record shall be filed electronically and shall include a log describing those items that were not digitized.

(c) Transmission. After the record has been duly certified by the clerk, it shall be the responsibility of the appellant to electronically transmit such record to the clerk of the

appellate court for filing and docketing. Any image alleged to be pornography shall be filed conventionally and not electronically. Pursuant to Administrative Order 21, any person proceeding pro se and any person with a disability or special need that prevents electronic filing shall be entitled to submit conventional paper filings.

## Rules of Appellate Procedure – Criminal

### Rule 3. Appeal by state.

. . . .

(c) When a notice of appeal is filed pursuant to either subsection (a) or (b) of this rule, the clerk of the court in which the prosecution sought to be appealed took place shall immediately cause an electronically formatted transcript of the trial record to be made and electronically transmitted to the attorney general, or delivered to the prosecuting attorney, to be by him delivered to the attorney general. If the attorney general, on inspecting the trial record, is satisfied that error has been committed to the prejudice of the state, and that review by the Supreme Court is desirable under this rule, he may take the appeal by electronically filing the transcript of the trial record with the clerk of the Supreme Court within sixty (60) days after the filing of the notice of appeal.

. . . .

**Rules of the Supreme Court and the Court of Appeals of the State of Arkansas**

**Rule 1–2. Appellate jurisdiction of the Supreme Court and Court of Appeals.**

. . . .

(c) Transfer and certification. The Supreme Court may transfer to the Court of Appeals any case appealed to the Supreme Court and may transfer to the Supreme Court any case appealed to the Court of Appeals. If the Court of Appeals seeks to transfer a case, the Court of Appeals shall find and certify that the case: (1) is excepted from its jurisdiction by Rule 1–2(a), or (2) otherwise involves an issue of significant public interest or a legal principle of major importance. The Supreme Court may accept for its docket cases so certified or may remand any of them to the Court of Appeals for decision. The Clerk of the Court shall notify the parties or their counsel of the transfer of any case.

(d) Petition for review. No appeal as of right shall lie from the Court of Appeals to the Supreme Court. The Supreme Court will exercise its discretion to review an appeal decided by the Court of Appeals only on application by a party to the appeal, upon certification of the Court of Appeals, or if the Supreme Court decides the case is one that should have originally been assigned to the Supreme Court. In determining whether to grant a petition to review, the following, while neither controlling nor fully measuring the Supreme Court's discretion, indicate the character of reasons that will be considered: (i) the case was decided in the Court of Appeals by a tie vote, (ii) the Court of Appeals rendered a decision which is arguably in conflict with a prior holding of a published opinion of either the Supreme Court or the Court of Appeals, or (iii) the Court of Appeals arguably erred in some way related to one of the grounds listed in Rule 1–2(b).

(e) Improper filing. No case filed in either the Supreme Court or the Court of Appeals shall be dismissed for having been filed in the wrong court but shall be transferred or certified to the proper court.

(f) Allocation of workload. Notwithstanding the foregoing provisions, cases may be assigned and transferred between the courts by Supreme Court order to achieve a fair allocation of the appellate workload between the Supreme Court and the Court of Appeals.

(g) In all appeals from criminal convictions or post-conviction relief matters heard in the Court of Appeals, the appellant shall not be required to petition for rehearing in the Court of Appeals or review in the Supreme Court following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. When the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the appellant shall be deemed to have exhausted all available state remedies.

**Rule 1-4. Clerk's Office Business Hours.**

The Clerk will record the exact time and date of filing or tender upon any document filed or tendered for filing in the Clerk's Office. Filings shall occur only between business hours of 8:00 a.m. and 5:00 p.m. on business days; however, Administrative Order 21 controls electronic filing.

. . . .

**Rule 2-3. Petitions for rehearing.**

. . . .

(h) Previous reference in the statement of the case and the facts. In no case will a rehearing petition be granted when it is based upon any fact thought to have been overlooked by the Court, unless reference has been clearly made to it in the statement of the case and the facts prescribed by Rule 4-2.

. . . .

**Rule 3-1. Preparation of the record.**

. . . .

(f) Pagination. The circuit clerk's portion of the record shall be consecutively paginated, including any papers under seal, and the cover of the circuit clerk's portion shall be page one. The court reporter's portion of the record shall be separately paginated, and the cover of the court reporter's portion shall be page one. Page numbers must appear on the record pages. After the record on appeal is filed with the appellate court, the cover of any supplemental records shall begin at page one.

(g) Table of contents. The circuit clerk's portion of the record and the court reporter's portion of the record shall each include a table of contents which refers to the pages in the record where the matter identified is copied. Below is an example table of contents to a circuit clerk's portion of the record:

VOLUME I-UNSEALED PLEADINGS
Complaint ........................................................................Page 3
Answer ......................................................................... Page 4
Motion for Summary Judgment ....................................... Page 6
      Exhibit A – Medical Records (whole document

Redacted and filed under seal
separate volume at pages 49–57…………………….Page 8
Brief in Support of Summary Judgment (internal redactions
with complete version filed under seal
 in separate volume at pages 58–67)………………………. Page 9
Response to Motion for Summary Judgment...................................Page 19
Exhibit A - Medical Records (internal redactions
with complete version filed under seal in separate
volume at pages 68–71).........................................Page 29
Brief Opposing Summary Judgment ................................Page 34
Judgment .......................................................Page 45
Notice of Appeal ..............................................Page 47

VOLUME II-SEALED PLEADINGS
Exhibit A to Motion for Summary Judgement-
Sealed Medical Records……………………………….Page 49
Sealed Brief in Support of Motion for
Summary Judgment……………………………………Page 58
Exhibit A to Response to Motion for
Summary Judgment-Sealed Medical Records…………….Page 68
Circuit clerk's certificate………………………………………………….Page 72
Certificate of costs………………………………………………………Page 73

Complaint .....................................................Page 3
Answer ...................................................... Page 4
Motion for Summary Judgment ........................................ Page 6
Exhibit A – Medical Records (completely redacted
and filed under Seal)……………………………………...Pages 8
Brief in Support of Summary Judgment (internal redactions with complete version filed
under seal)...........................................................Page 16
Response to Motion for Summary ....................................Page 27
Exhibit A – Medical Records (internal redactions with complete version filed
under seal) .............................................. Page 29
Brief Opposing Summary Judgment ................................Page 34
Judgment .......................................................Page 45
Notice of Appeal ..............................................Page 47

The table of contents shall identify also list all documents filed under seal.

(h) Fee for index. Clerks may add to their fee for the record a reasonable charge for these items where no charge is fixed by statute.

(i) Record fee and costs certified. The fee for the production of the record must be certified in all cases; in addition, all costs in the circuit court must be reported, and by whom paid.

(j) Clerk's record and reporter's transcript--Paper size and preparation.
The record must be prepared in the digital equivalent of plain typewriting or computer or word processor printing of the first impression, not copies, on 8 ½ x 11-inch paper. ~~The record, as defined in paragraph (o) of this Rule, shall be fastened on the left of the page~~. All transcripts shall be prepared by certified court reporters and comport with the following rules:
(1) No fewer than 25 typed lines on standard 8½ x 11-inch paper;
(2) No fewer than 9 or 10 characters to the typed inch;
(3) Left-hand margins to be set at no more than 1¾ inches;
(4) Right-hand margins to be set at no more than three-eighths of an inch;
(5) Each question and answer to begin on a separate line;
(6) Each question and answer to begin at the left-hand margin with no more than 5 spaces from the "Q" and "A" to the text;
(7) Carry-over "Q" and "A" lines to begin at the left-hand margin;
(8) Colloquy material, quoted material, parentheticals and exhibit markings to begin no more than 15 spaces from the left-hand margin with carry-over lines to begin no more than 10 spaces from the left-hand margin;
(9) All transcripts to be prepared in the lower case;
(10) All transcripts <u>submitted on paper</u> shall be prepared on only one side of the paper, not front and back;
(11) All transcripts of depositions shall comply with these Rules.

(k) Exhibits. Photographs, charts, drawings<u>, real-property surveys,</u> and other documents that can be digitized shall be included. Documents of unusual bulk or weight shall not be transmitted by the clerk of the circuit court unless the clerk is directed to do so by a party or by the Clerk of the Court. ~~When possible, exhibits shall be digitized, and the digital copies shall be included in the electronic record.~~ <u>Digital media, such as audio and video recordings, that are part of the record shall be filed conventionally in the appellate court.</u>
(l) Folding of record. Record~~s~~ <u>portions submitted on paper</u> must be transmitted to the Clerk without being folded or creased.

~~(m) Surveys. Real property surveys which form a part of the record shall not be fastened to the record.~~

(m<s>n</s>) Record in volumes. Where the record is 30 megabytes or larger, it shall be divided into separate files, each of which is less than 30 megabytes and is paginated continuously from the preceding file to the subsequent file. Any portion of the record filed under seal shall be a separate PDF file.

(no) The term "record" in civil cases, and as used in these Rules, refers only to the pleadings, judgment, decree, order appealed, transcript, exhibits, and certificates. Records on appeal shall be divided into a circuit court clerk's portion and into a court reporter's portion, if any proceedings in the case were transcribed by a court reporter.

(o) Sealed record portions. If any portion of the record is sealed, the sealed materials shall be saved as a separate PDF file, the name of the PDF file should indicate that the contents are sealed. The documents in the sealed file shall be paginated consecutive to where the page numbering ends in the unsealed file or files.

(p) No password protection. Electronic records on appeal shall not be password protected.

(q) Image resolution. If any portion of the record must be scanned to create an appeal record, the scanner settings should be set at an image resolution of 300 dots per inch (DPI).

**Rule 3–3. Record in Civil Cases.**
Not all records in civil cases will have the same contents. To the extent possible, items will be arranged in chronological order according to filing date, which will usually be in the following sequence:
(a) Circuit clerk's portion of the electronic appellate record.
1. Cover;
2. Table of Contents;
31. Complaint;
42. Plaintiff's exhibits that which accompany the Complaint;
53. Statement regarding summons, set out in Rule 3–2(b);
64. Answer;
75. Defendant's exhibits thatwhich accompany the Answer;
86. Subsequent pleadings and orders in chronological order;
97. Final judgment, decree, or order appealed;
108. Post-judgment decree, order or motion (e.g., motions for new trial);
119. Orders granting or denying post-judgment motions;
1210. Notice of appeal and designation of record;
1311. Statement of points to be relied upon if abbreviated record designated;
1412. Extensions of time to file record on appeal;
1513. Stipulations to abbreviated records;
1614. Narrative of testimony upon stipulations;
1715. Supersedeas bond;
1816. Circuit clerk's certificate, duly acknowledged; and
1917. Certificate of costs of circuit clerk's portion of appellate record, indicating payor.

(b) Court reporter's portion of the electronic appellate record.

1. Cover;
2. Table of Contents;
3<u>1</u>. Transcription of proceedings;
4<u>2</u>. Digitized transcript exhibits;
5<u>3</u>. List of exhibits not included in the electronic transcript;
6<u>4</u>. Court reporter's certificate; and
7<u>5</u>. Court reporter's certificate of costs of the transcript, indicating payor.

**Rule 3-4. Record in Criminal Cases.**
Not all records in <u>criminal</u> ~~civil~~ cases will have the same contents. To the extent possible, items will be arranged in <u>chronological order according to filing date, which will usually be</u> the following sequence:
(a) Circuit clerk's portion of the electronic appellate record.
<u>1. Cover;</u>
<u>2. Table of Contents;</u>
3<u>1</u>. Return of the indictment or information;
4<u>2</u>. Defendant's pleadings;
5<u>3</u>. Subsequent pleadings and orders in chronological order;
6<u>4</u>. Final judgment and commitment or order appealed;
7<u>5</u>. Verdict forms and written jury instructions;
8<u>6</u>. Motion for new trial, to set aside, amend, etc.;
9<u>7</u>. Order granting or denying above motions;
10<u>8</u>. Notice of appeal and designation of record;
11<u>9</u>. Extensions of time to file record on appeal;
12<u>10</u>. Appeal bond;
13<u>11</u>. Circuit clerk's certificate, duly acknowledged.; and
14<u>12</u>. Certificate of costs of circuit clerk's portion of appellate record, indicating payor.

(b) Court reporter's portion of the electronic appellate record.
<u>1. Cover;</u>
<u>2. Table of Contents;</u>
3<u>1</u>. Transcription of proceedings;
4<u>2</u>. Digitized transcript exhibits;
5<u>3</u>. List of exhibits not included in the electronic transcript;
6<u>4</u>. Court reporter's certificate; and
7<u>5</u>. Court reporter's certificate of costs of the transcript, indicating payor.

(<u>c</u>~~b~~) Record of jury matters.

(1) The record shall not include the impaneling or swearing of the jury, the names of the jurors, or any motion, affidavit, order, or ruling in reference thereto unless expressly called for by a party's designation of the record.

29

(2) Verdict forms shall be inserted in the record., ~~W~~written jury instructions~~,~~ and proffered jury instructions shall be inserted in the record when expressly identified by a party's designation of the record ~~when expressly identified by a party's designation of the record~~.


## 4-1. Style of electronic briefs.

(a) *Format*. Briefs filed by represented parties shall be typewritten using word-processing software, shall be contained in a single electronic file, and shall be in word-searchable portable document format (PDF). PDF files shall be converted from the word-processing software from which they were created, rather than by scanning paper documents. Electronic briefs shall not contain hyperlinks to external papers or websites.

(b) *Spacing*. Briefs shall be double-spaced, except for quoted material, which may be single-spaced and indented. Footnote lines, except quotations, shall be double-spaced. Use of footnotes is not encouraged and should be used sparingly.

(c) *Margins*. The margins at the top bottom, and sides of each page shall be not less than one inch except that the top margin of the brief cover shall be not less than two inches to accommodate the file-mark.

(d) *Font*. Typeface shall be proportionally spaced, shall not be less than 14 points, and must include serifs, but sans-serif type may be used in headings and captions.

(e) *Pagination and bookmarks*. Briefs shall be paginated consecutively, and the cover page shall be page one. Briefs shall also be bookmarked for ease of navigation. There shall be a bookmark for each section of the brief referenced in Rule 4-2(a).

(f) *Compliance with Administrative Order No. 19 required*. Briefs shall comply with the requirements of Administrative Order Number 19 concerning confidential information and the following requirements.

(1) *Redaction*. Confidential information shall be redacted from appellate briefs in the manner described in Arkansas Rule of Civil Procedure 5(c).
(2) *Redaction Not Required for Sealed Cases*. If the entire record on appeal is sealed pursuant to statute, court rule, court order, or court practice, all briefs filed in the case shall be filed under seal, and no redaction is required.
(3) *Unredacted briefs*. If court review of any confidential information redacted from a brief is necessary to decide the appeal, the party filing the brief must file an unredacted version of the brief under seal. If court review of redacted confidential information is not necessary to decide the appeal, the party filing the brief is not required to file an unredacted brief.

**Rule 4–2. Contents of electronic briefs.**

(a) *Appellants' briefs.* The contents of appellants' briefs shall be in the following order.

(1) *Cover.* On the cover of every brief there should appear the number and style of the case in the Supreme Court or Court of Appeals; a designation of the court from which the appeal is taken, and the name of its presiding judge; the title of the brief; and the name or names of counsel who prepared it, including their bar numbers, addresses, telephone numbers, and e-mail addresses.

(2) *Table of contents.* Each brief must include a table of contents. It should reference the page number for the beginning of each of the major sections identified in Rule 4–2(a)(2)–(10). Internal hyperlinks in the table of contents to each section is permissible, but not required.

(3) *Points on appeal.* The appellant shall list and separately number, concisely and without argument, the points relied upon for a reversal of the judgment or decree. The appellee must follow the same sequence and arrangement of points as contained in the appellant's brief and may then state additional points. Either party may insert under any point not more than two citations which the party considers the principal authorities on that point.

(4) *Table of authorities.* The table of authorities shall be an alphabetical listing of authorities with a designation of the page number of the brief on which the authority appears. The authorities shall be grouped as follows:

(A) Cases

(B) Statutes and Rules

(C) Books and Treatises

(D) Miscellaneous

(5) *Jurisdictional Statement.* Briefs must contain a brief statement, supported by citations to applicable authority and to the pages of the appellate record, demonstrating the appellate court's jurisdiction. The statement must identify:

(A) Information demonstrating that the appeal is from a final order or judgment that disposes of all of the parties' claims, or information establishing the appellate court's jurisdiction on some other basis;

(B) The filing dates establishing the timeliness of the appeal; and

(C) Whether, under Supreme Court Rule 1–2, the appeal should be decided by the Arkansas Supreme Court or the Arkansas Court of Appeals.

(6) *Statement of the case and the facts.* The appellant's brief shall contain a concise statement of the case and the facts without argument. The statement shall identify and discuss all material factual and procedural information contained in the record on appeal. Information in the appellate record is material if the information is essential to understand the case and to decide the issues on appeal. All material information must be supported by citations to the pages of the appellate record where the information can be found.

(7) *Argument.* Arguments shall be presented under subheadings numbered to correspond to the outline of points to be relied upon. For each issue, the applicable standard of review shall be concisely stated at the beginning of the discussion of the issue. Citations of decisions of the Arkansas Supreme Court and Court of Appeals must be from the official reports, and all citations to both official and unofficial reports shall follow the format prescribed in Rule 5-2. All citations of decisions of any other court must state the style of the case and cite the official reporter (including a regional reporter so designated by the issuing court) in which the case is found. If the case is also reported by unofficial publishers, including an unofficial electronic database, one of these should also be cited. Reference in the argument portion of the parties' briefs to material found in the appellate record shall be followed by a reference to the page number of the appellate record at which such material may be found.

(8) *Request for Relief.* The appellant shall request, with specificity, all relief sought on appeal.

(9) *Certificate of service.* All briefs must include a certificate of service evidencing service of the brief in compliance with Rule 4-4(e).

(10) *Certificate of Compliance with Administrative Order No. 19<u>, Administrative Order 21 Sec. 9,</u> and With Word-Count Limitations.* All briefs must include a statement that the brief complies with <u>(1)</u> Administrative Order No. 19's requirements concerning confidential information<u>, (2) Administrative Order 21, Section 9 which states that briefs shall not contain hyperlinks to external papers or websites,</u> ~~and that the brief conforms to the~~ <u>and (3)</u> word-count limitations identified in Rule 4-2(d). The person preparing the certificate may rely on the word count of the word-processing system used to prepare the document. The certificate must state the number of words in the document.

(b) *Appellees' briefs.* Appellees' briefs shall conform to the requirements of Rule 4-2(a) except that appellees may, but are not required to, submit a jurisdictional statement and a statement of the case and facts. Appellees may adopt by reference all or part of the appellant's jurisdictional statement or statement of the case and the facts and may respond to or supplement those statements if the appellee controverts them or believes them to be insufficient.

(c) *Reply Briefs.* Reply briefs shall contain a cover, a table of contents, a table of authorities an argument, a certificate of service, and a certificate of compliance with Administrative Order No. 19 and with the word-count limitations contained in Rule 4-2(d).

(d) *Word-Count Limitations*: Briefs shall comply with the word-count limitations identified below, and only the jurisdictional statement, the statement of the case and the facts, the argument, and the request for relief shall be counted against these limitations. The cover, the table of contents, the points on appeal, the table of authorities, the certificate of service,

the certificate of compliance, and any list of adverse rulings required by Rule 4–3(a) shall not count against these limitations.

(1) *Appellants' brief and appellees' briefs*. Appellants' briefs and appellees' briefs shall be no longer than 8600 words.

(2) *Reply briefs*. Reply briefs shall be no longer than 2875 words.

(3) *Appellees/cross-appellants' briefs*. If an appellee is also a cross-appellant, the argument on cross-appeal shall appear after the appellee's argument in the brief, and appellee/cross-appellant's brief shall be no longer than 14,325 words.

(4) *Reply/cross-appellees' briefs*. If the appellant is also a cross-appellee, the cross-appellee's argument shall follow the appellant's argument in reply, and the reply/cross-appellee's brief shall be no longer than 11,475 words.

(e) *Motions for expansion of word-count limitations*. Motions for an expansion of the word-count limitations must set forth the reason or reasons for the request, must state that a good faith effort to comply with this rule has been made, and must specify the number of additional words requested.

(f) *Citation to electronic record*. Citation to the circuit clerk's portion of the electronic record shall be enclosed in parentheses, shall include the letters "RP" (which is short for "Record-Pleadings"), and shall include the page number or numbers where the cited information can be found in the circuit clerk's portion of the record. Citation to the court reporter's portion of the record shall be in the same format but shall include the letters "RT" (which is short for "Record-Transcript"). For example, citation to page 57 of the circuit clerk's portion would be "(RP 57)," and citation to page 456 of the court reporter's transcript would be "(RT 456)." A range of pages should be cited as "(RP 231–239) (RT 457–459)," and a series of page numbers should be cited as "(RP 7, 67, 231) (RT 45, 334)."

## Rule 4–3. Special rules for briefs in cases where defendant is sentenced to life imprisonment or death and for no–merit briefs.

(a) *Court's review of errors in death or life imprisonment cases*. When the sentence is death or life imprisonment, the Court must review all errors prejudicial to the appellant in accordance with Ark. Code Ann. Sec. 16-91-113(a). To make that review possible, the appellant must include, in addition to the contents required by Rule 4-2, a list of all rulings adverse to him or her made by the circuit court on all objections, motions and requests made by either party, and the list must include the information needed for an understanding of each adverse ruling and the page number where each adverse ruling is located in the appellate record. The list shall be placed in the brief after the request for relief. The Attorney General will make certain and certify that all of those objections have been listed and will brief all points argued by the appellant and any other points that appear to involve prejudicial error.

(b) *Withdrawal of counsel and no-merit briefs in criminal, juvenile- delinquency, and involuntary- commitment cases.*

(1) Any motion by counsel for a defendant in a criminal, a juvenile-delinquency, or an involuntary-commitment case for permission to withdraw made after notice of appeal has been given shall be addressed to the Court, shall contain a statement of the reason for the request and shall be served upon the defendant personally by first-class mail. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief. The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The brief's statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court and the page number where each adverse ruling is located in the appellate record.

(2) The Clerk shall furnish the appellant with a copy of the appellant's counsel's brief, and advise the appellant that he or she has 30 days within which to raise any points that he or she chooses, and that this may be done in either typewritten or clearly legible hand~~printed~~written form and accompanied by an affidavit that no paid assistance from any inmate of the Department of Correction or of any other place of incarceration has been received in the preparation of the response.

(3) The Clerk shall serve all such responses by an appellant on the Attorney General, who shall file a brief for the State within 30 days after such service and serve a copy on the appellant, as well as on the appellant's counsel.

(4) After a reply brief has been filed, or after the time for filing such a brief has expired, the motion for withdrawal and the briefs shall be submitted to the Court as other cases are submitted. If, upon consideration of the motion or briefs, it shall appear to the Court that the judgment of the circuit court should be affirmed or reversed, the Court may take such action on its own motion, without any supporting opinion.

## Rule 4-4. Filing and service of briefs.

(a) *Electronic Filing.* Briefs shall be filed using the electronic filing system provided by the Administrative Office of the Courts. No paper copies are required. Any person proceeding pro se and any person with a disability or special need that prevents him or her from filing electronically shall be permitted to submit conventional paper filings consistent with Rule 4-7.

(b) *Appellant's brief.* In all cases the appellant shall, within 40 days of lodging the record, file the appellant's brief with the Clerk.

(c) *Appellee's brief and appellee/cross-appellant's brief.* The appellee shall file the appellee's brief, within 30 days after the appellant's brief is filed. If the cross-appellant is also the appellee, the two separate arguments shall be contained in one brief, and the brief shall comply with the requirements of Rule 4-2(d)(3).

(d) *Reply brief, reply/cross-appellee's brief, and cross-appellant's reply brief.* The appellant may file a reply brief within fifteen days after the appellee's brief. If the appellant is also a cross-appellee, the two separate arguments shall be contained in one brief, and the brief shall comply with the requirements of Rule 4-2(d)(4). Any cross-appellant's reply brief shall be filed within fifteen days after the cross-appellee's brief is filed.

(e) *Service of Briefs.* Briefs shall be served on opposing counsel and the circuit court by any method permitted by Arkansas Rule of Civil Procedure 5(b) and Administrative Order No. 21 (7). Briefs tendered to the Clerk will not be filed unless evidence of service upon opposing counsel and the circuit court has been furnished to the Clerk. Evidence of service shall be included in each brief and shall comply with the requirements of Arkansas Rule of Civil Procedure 5(e).

(f) *Submission.* The case shall be subject to call on the next Thursday (in the Supreme Court) or Wednesday (in the Court of Appeals) after the expiration of the time allowed for filing the reply brief of the appellant or the cross-appellant. After the case has been submitted to the court for decision, the court will not consider motions to dismiss because of settlement or notice of settlement.

(g) *Noncompliance with Briefing Rules.*
(1) Noncompliance discovered at the time of filing. Briefs not in compliance with Rules 4-1, 4-2, 4-3, and 4-4 shall not be accepted for filing by the Clerk. When a party timely submits a noncompliant brief that substantially complies with the rules governing briefs, the Clerk shall mark the brief "tendered," grant the party a seven-day compliance extension, and return the brief to the party for correction. If the party resubmits a compliant brief within seven calendar days, then the Clerk shall accept that brief for filing on the date it is received.
(2) Noncompliance discovered after filing. Motions to dismiss the appeal for insufficiency of briefs will not be recognized. Deficiencies in the appellants' briefs will ordinarily come to the court's attention and be handled in one of the following ways:

(A) If the appellee considers the appellant's brief to be defective, the appellee's brief should call the deficiencies to the court's attention and may, at the appellee's option, contain a supplemental statement of the case and facts. When the case is considered on its merits, the court may upon motion impose or withhold costs, including attorney's fees, to compensate either party for the other party's noncompliance with court rules. In seeking an award of costs under this paragraph, counsel must submit a statement showing the cost of the supplemental statement of the case and facts and a certificate of counsel showing the amount of time that was devoted to the preparation of the supplement.

(B) If the case has not yet been submitted to the court for decision, an appellant may file a motion to supplement the brief or to file a substituted brief. Subject to the court's discretion, the court will routinely grant such a motion and give the appellant fifteen days within which to file the supplemental or substituted brief. If the appellee has already filed its brief, upon the filing of appellant's supplemental or substituted brief, the appellee will be afforded an opportunity to revise or supplement its brief, at the expense of the appellant or the appellant's counsel, as the court may, upon motion, direct.

(C) Regardless of whether the appellee has called attention to deficiencies in the appellant's brief, the Court may address the question at any time. If the Court finds the brief to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and that he or she has fifteen days within which to file a substituted brief, at his or her own expense. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise the appellee's brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying brief within the prescribed time, the judgment or decree may be affirmed or the appeal dismissed for noncompliance with the Rule.

(D) If the appellate court determines that deficiencies or omissions in the brief need to be corrected, but complete rebriefing is not needed, then the court will order the appellant to file a supplemental brief within seven calendar days to provide the additional information from the record to the members of the appellate court.

(E) After the opportunity to cure deficiencies has been afforded, attorneys who fail to comply with the requirements of this rule may be referred to the Office of Professional Conduct and may be subject to any of the following: (i) contempt, (ii) suspension of the privilege to practice before the Supreme Court or Court of Appeals for a specified time or until the attorney can demonstrate a satisfactory knowledge of the rules, or (iii) imposition of any of the sanctions listed in Rule 11(c) of the Rules of Appellate Procedure-Civil.

(h) *Continuances and extensions of time.*
(1) The Clerk or a deputy clerk may extend the due date of any brief by seven (7) calendar days upon oral or electronically filed request. The party requesting a Clerk's extension must confirm the extension by sending a letter, by electronic filing, immediately to the Clerk or the deputy clerk with a copy to all counsel of record and any pro se party. If such an extension is granted, no further extension shall be granted except by the Clerk for compliance with these Rules as provided in Rule 4-2(c) or by the Court upon a written motion showing good cause.
(2) Stipulations of counsel for continuances will not be recognized. Any request for an extension of time (except in (g)(1) and (h)(1)) for the filing of any brief must be made by a written motion, addressed to the Court, setting forth the facts supporting the request.

Counsel who delay the filing of such a motion until it is too late for the brief to be filed if the motion is denied, do so at their own risk.

(i) *Briefs not required in unemployment compensation cases.* Unemployment compensation cases appealed from the Arkansas Board of Review may be submitted to the Court of Appeals for decision as soon as the transcript is filed, unless ~~the petition for review shows it is filed by an attorney, or~~ notice of intent to file a brief for the appellant is made~~filed~~ with the Clerk prior to the filing of the transcript.

## Rule 4–5. Failure to file briefs in civil and misdemeanor cases.

If the appellant's brief has not been filed in a civil case or in a misdemeanor case within the time allowed by Rule 4-4, the Court may dismiss the appeal and affirm the judgment or decree at cost to the appellant. When the appellee has failed to appear and file a brief, the Court may, when the case is called for submission, proceed and give judgment according to the requirements of the case.

## Rule 4–7. Pro se briefs.

(a) *Style of pro se briefs.* Briefs filed by self-represented parties shall substantially comply with Rules 4-1, 4-2, and 4-4 except that they may be handwritten and filed in conventional paper form. A handwritten brief shall be clearly legible, shall not exceed 30 lines per page and 15 words per line with left-hand and right-hand margins of at least 1½ inches and upper and lower margins of at least 2 inches. The argument section of a handwritten brief shall be no longer than 30 pages. Briefs shall be of uniform size on 8½ x 11-inch paper and firmly bound on the left hand margin by staples or other binding devices. Typed briefs shall be double-spaced, except for quoted material, which may be single-spaced and indented. Footnotes, except quotations therein, shall be double-spaced. Use of footnotes is not encouraged and should be used sparingly. The brief need not be signed by the appellant.

(b) *Affidavit.* If the pro se appellant is incarcerated, the brief shall also be accompanied by a notarized affidavit that the appellant has prepared it without the paid assistance of any other prison inmate. Where the appellant in a criminal appeal is entitled to representation by counsel, pro se briefs will be accepted only when the appellant has filed an affidavit stating that the appellant has knowingly and intelligently refused the services of an attorney on appeal. Such a brief shall also be accompanied by an affidavit that the appellant has prepared it without the paid assistance of any other prison inmate.

(c) *Noncompliance.* Briefs not in substantial compliance with this Rule shall not be accepted for filing by the Clerk. When a party submits a brief on time that does not substantially comply with these Rules, the Clerk shall mark the brief "tendered," grant the party a 14-day compliance extension, and return the brief to the party for correction. If the party resubmits a compliant brief within fourteen calendar days, then the Clerk shall accept that brief for filing on the date it is received.

(d) *Number of briefs, time for* filing, *and page limitations*. One copy of all <u>conventionally filed</u> pro se briefs shall be filed by the deadlines set forth in Rule 4-4.

(e) *Continuances and extensions of time*. The Clerk or a deputy clerk may extend the due date of any brief by seven calendar days upon oral or letter request. If such an extension is granted, no further extension shall be granted except by the Court upon a written motion showing good cause.

## Rule 6–1. Extraordinary writs, expedited consideration, and temporary relief.

(a) Extraordinary writs

. . . .

(2) The petitioner is required to electronically file with the Clerk the original petition along with the record. Evidence of service of a copy upon the adverse party or his or her counsel of record in the circuit court is required.

. . . .

## Rule 6–7. Taxation of costs.

**. . . .**

(b) *Reversal*. The appellant may recover (1) brief costs not to exceed $3.00 per page with total costs of the brief not to exceed $1000.00, (2) the filing fee of $150.00 and the technology fee of $15.00, (3) the circuit clerk's costs of preparing the record, ~~and~~ (4) the court reporter's cost of preparing the transcript<u>, and (5) the electronic filing charge of $20.00, if applicable</u>.

….

## Rule 6–9. Rule for appeals in dependency-neglect cases.

. . . .

(d) *Transmission of Record*. Absent extraordinary circumstances, the record on appeal shall be electronically filed with the Clerk of the Supreme Court within seventy (70) days of the filing of the Notice of Appeal. Within sixty (60) days after the filing of the Notice of Appeal

and Designation of Record (Form 1), the court reporter shall provide the record to the Circuit Clerk who shall have no longer than five (5) days to prepare the record, including any transcripts and exhibits, to be transmitted for submission to the Clerk of the Supreme Court. After the record has been duly certified by the Circuit Clerk, it shall be the responsibility of the appellant to transmit the record to the Clerk of the Supreme Court for filing.

(e) *Appellants' Briefs*. Within thirty (30) days after transmission of the record to the Clerk of the Supreme Court, the appellant shall file an appellant's brief that complies with Rule 4-2(a) and that shall also include a completed "Petition on Appeal" form (Form 2). Appellants' briefs shall be filed using the electronic filing system provided by the Administrative Office of the Courts, and no paper copies are required. Any person proceeding pro se and any person with a disability or special need that prevents him or her from filing electronically shall be permitted to submit conventional paper filings. Parties filing conventionally shall provide one paper copy of the brief at the time of filing.

(f) *Appellees' Briefs and Cross-Appellants' Briefs*. Within twenty days after filing of the appellant's brief, any appellee may file an appellee's brief or an appellee/cross-appellant's brief that complies with Rules 4-2(b) and that includes a completed "response to the petition on appeal or cross-appeal" form (Form 3). Appellees' briefs and appellee/cross-appellants' briefs shall be filed using the electronic filing system provided by the Administrative Office of the Courts, and no paper copies are required. Any person proceeding pro se and any person with a disability or special need that prevents him or her from filing electronically shall be permitted to submit conventional paper filings. Parties filing conventionally shall provide one paper copy of the brief at the time of filing.

(g) *Reply Briefs, Reply/Cross-Appellees' Briefs, and Cross-Appellants' Reply Briefs*. The appellant will have ten calendar days after appellee's brief or appellee/cross-appellant's brief is filed to file a reply brief or reply/cross-appellee's brief that complies with Rule 4-2(c). If appellee files a cross-appellant's brief and the appellant has filed a cross-appellee's brief, the appellee will have ten (10) calendar days to file a cross-appellant's reply brief. The briefs shall be filed using the electronic filing system provided by the Administrative Office of the Courts, and no paper copies are required. Any person proceeding pro se and any person with a disability or special need that prevents him or her from filing electronically shall be permitted to submit conventional paper filings. Parties filing conventionally shall provide one paper copy of the brief at the time of filing.

(h) *Extensions*. The Clerk of the Supreme Court shall have the authority to grant one seven-day extension for completion of the record and one seven-day extension to any party to the appeal to file the appellant's brief or the appellee's brief. The extension shall be computed from the date the brief was originally due. Absent extraordinary circumstances, no other extensions shall be granted.

(i) *Style, Content, and Filing of Briefs*. Briefs in dependency-neglect cases shall comply with the content, style, and filing requirements of Rules 4-1, 4-2, and 4-4 except when Rule 6-9 provides differently. Reference to any minor in the briefs shall be by the minor's initials. Other parties seeking anonymity shall comply with Rule 6-3 of the Rules of the Supreme Court and Court of Appeals.

(j) *Procedure for No-Merit Briefs, Pro Se Points, and State's Response.*

(1) After studying the record and researching the law, if appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit brief and move to withdraw. In addition to the requirement set forth in subsection (e), counsel's no-merit brief must include the following:

(A) The argument section of the brief shall list all adverse rulings to the appellant made by the circuit court on all objections, motions, and requests made by the party at the hearing from which the appeal arose and explain why each adverse ruling is not a meritorious ground for reversal.

(B) The statement of the case and the facts shall contain all rulings adverse to the appellant, made by the Circuit Court at the hearing from which the order of appeal arose.

(2) Appellees are not required to, but may, respond to a no-merit brief. Appellees may file a concurrence letter supporting the no-merit brief. Any response by an appellee shall be filed within twenty (20) days of the filing of the no-merit brief.

(3) The Clerk of the Supreme Court shall mail the appellant, at the appellant's last known address, a copy of the no-merit brief and the motion to withdraw. The Clerk shall notify the appellant in writing that the appellant may raise any points that the appellant chooses and that these points may be typewritten or hand<u>written</u> ~~printed~~. The Clerk shall also notify the appellant that the points shall be received by the Supreme Court Clerk by mail or other method of delivery within thirty (30) days from the date the Clerk mailed the appellant the notification.

(4) The Clerk shall provide appellant's points by electronic transmission or other method of delivery to the Department of Human Services - Office of Chief Counsel, the Attorney Ad Litem, and appellant's counsel within three (3) business days.

(5) The Arkansas Department of Human Services shall respond and any other appellees may respond to appellant's pro se points by filing a/the response within twenty (20) days of receipt by the Clerk of the Supreme Court of the appellant's pro se points.

. . . .

**Rules of Appellate Procedure – Civil**

**Rule 7. Certification, format, and transmission of record.**

(a) Certification. The clerk of the circuit court that entered the judgment, decree, or order from which the appeal is taken shall certify the <u>clerk's portion of the</u> record as being a true and correct copy of the record as designated by the parties. <u>The court reporter shall certify the court reporter's portion of the record as being a true and correct transcription of the proceedings as designated by the parties.</u>

(b) Format. <u>Records shall be in the electronic format identified below. However, any person proceeding *pro se* and any person with a disability or special need that prevents him or her from filing electronically shall be provided the record in conventional paper format unless he or she requests an electronic record. To the extent possible, conventional paper records shall be organized and paginated in the same manner as an electronic record.</u>

(1) The record shall be saved as searchable and bookmarked portable document format (PDF) files. Bookmarks shall be made to each document in the record and the <u>at </u>the beginning of each witness's testimony.

(2) The PDF page numbers shall correspond to the record page numbers.

(3) If there is a transcribed portion of the record, that transcribed portion shall be saved and paginated as a separate PDF file pursuant to Rule 3-1(f) of the Rules of the Supreme Court and Court of Appeals.

(4) If either the circuit clerk's portion or the court reporter's portion of the electronic record is 30 megabytes or larger, that portion shall be divided into separate files for purposes of filing, and each file shall be less than 30 megabytes. The name of each PDF volume shall indicate the page numbers of the record contained in that volume.

(5) If the record contains exhibits or other items that cannot be digitized, those exhibits that were not digitized shall be filed conventionally, and the rest of the record shall be filed electronically and shall include a log describing those items that were not digitized.

(c) Transmission. After the record has been duly certified by the clerk, it shall be the responsibility of the appellant to electronically transmit such record to the clerk of the appellate court for filing and docketing. Any image alleged to be pornography shall be filed conventionally and not electronically. Pursuant to Administrative Order 21, any person proceeding pro se and any person with a disability or special need that prevents electronic filing shall be entitled to submit conventional paper filings.

**Rules of Appellate Procedure – Criminal**
**Rule 3. Appeal by state.**

. . . .

(c) When a notice of appeal is filed pursuant to either subsection (a) or (b) of this rule, the clerk of the court in which the prosecution sought to be appealed took place shall immediately cause an electronically formatted transcript of the trial record to be made and electronically transmitted to the attorney general, or delivered to the prosecuting attorney, to be by him delivered to the attorney general. If the attorney general, on inspecting the trial record, is satisfied that error has been committed to the prejudice of the state, and that review by the Supreme Court is desirable under this rule, he may take the appeal by electronically filing the transcript of the trial record with the clerk of the Supreme Court within sixty (60) days after the filing of the notice of appeal.

. . . .

<table>
<tr>
<td colspan="2">

**Clerk of the Arkansas Supreme Court Justice Building, 625 Marshall, LR, AR 72201**

Circuit Court:_____

Circuit Court Judge:_____

Circuit Court Docket Number(s): _____

**Arkansas Department of Health and Human Services v.**

_____

parents☐guardians☐custodian

_____ **[children's initials]**

Appellant:_____

</td>
<td>

**Appellate Court Docket Number:**

</td>
</tr>
<tr>
<td>

Appellant's Attorney or Appellant if no Attorney (Name and Address):

Phone Number:      E-mail:
FAX Number:      Attorney's Bar #:

</td>
<td>

**COURT USE ONLY**

</td>
</tr>
</table>

1. This Petition on Appeal is filed on behalf of_____, the ☐mother ☐father ☐child

   _____(initials) ☐ DHHS ☐Intervenor ☐other_____: Child(ren)'s Initials

        <u>Date(s) of Birth</u>

   _____     _____

   _____     _____

   _____     _____

   _____     _____

   (additional children may be added if needed)

2. Indicate the type of petition on appeal

   ❑     The parent was denied appointed counsel pursuant to Ark. Code Ann. §9-27-317, and the order entered on _____is being appealed.
   (date)

   ❑     The child/children were adjudicated dependent-neglected pursuant to Ark. Code Ann. §9-27-329, and the adjudication order entered on_____is being appealed.
   (date)

   ❑     There was a final order pursuant to Ark. R. Civ. P. Rule 54(b) entered at the review hearing in accordance with Ark. Code Ann. §9-27-337 and the review order entered on_____is being appealed.
   (date)

   ❑     There was a final order pursuant to Ark. R. Civ. P. Rule 54(b) entered at the permanency planning hearing in accordance with Ark. Code Ann. §9-27-338 and the permanency planning order entered on_____is being appealed. (date)

   ❑     Parental rights were terminated pursuant to Ark. Code Ann. §9-27-341 and the termination order entered on_____is being appealed.
   (date)

3. Appellant's attorney,_____, ☐is ☐is not the attorney who represented appellant at Circuit Court hearing from which the appeal arose.

4.  Are there any other pending appeals involving the child (ren)? ☐ Yes ☐ No        If Yes, list below:
    Case Name and Number:

    _____

    Indicate type of appeal:

    _____


    List the relevant dates regarding this case (if they have not occurred indicate by N/A):
    ☐  Child was removed from home if applicable:

    _____

    ☐  D-N petition filed:_____ ☐ Appointment of parent counsel:

    _____

    ☐  Appointment of AAL for child:_____ ☐ D-N Adjudication order:

    _____

    ☐  D-N Disposition order:            _____
    ☐  Review orders:_____ _____
    ☐  Permanency Planning orders: _____
    ☐  Other hearing (describe type):

    _____

    ☐  Petition to terminate parental rights filed:_____
    ☐  Termination order: _____
    ☐  Notice of appeal filed:_____


5.  State or attach a statement of the nature of the case and relief sought: The appellant seeks:


6.  Attach a statement of the material facts as they relate to the issues presented on appeal:


7.  Attach a statement of the legal issues presented for appeal, including a statement of how the issues arose, and
    supporting legal authority.

    *The issues statement should be concise in nature and set forth the specific legal questions. General conclusions, such
    as "the trial court's ruling is not supported by the law or the facts," are not acceptable. Include specific supporting
    legal authority upon which the party is relying with citations to supporting statutes, case law, or other legal authority
    for each issue raised. All citations of decisions must state the style of the case and the book and page in which the
    case is found.*


    The undersigned requests that the Appellate Court issue an opinion reversing the order of the Circuit Court in this
    matter.



                                                    _____
                                                    Signature, attorney for the appellant        Date

                                                                    OR



                                                    _____
                                                    Signature of pro se litigant              Date


Form 2 – PETITION ON APPEAL