Cite as 2022 Ark. 202

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE ARKANSAS SUPREME COURT COMMITTEE ON CIVIL PRACTICE – ADOPTION OF REVISED RULE 6-9 OF THE RULES OF THE SUPREME COURT AND COURT OF APPEALS OF THE STATE OF ARKANSAS | **Opinion Delivered:** November 10, 2022 |

## PER CURIAM

The Supreme Court Committee on Civil Practice recommended amendment to Rule 6-9 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas. See Addition to Reporter's Notes, 2022 Amendment, for an explanation of the amendments. Today, we adopt and republish the rule as set out below effective December 1, 2022.

**Rule 6-9. Rule for Appeals in Dependency-Neglect Cases.**

(a) Appealable Orders.

(1) The following orders may be appealed from dependency-neglect proceedings:

(A) adjudication order;

(B) disposition, review, no reunification, and permanency planning order if the court directs entry of a final judgment as to one or more of the issues or parties based upon the express determination by the court supported by factual findings that there is no just reason for delay of an appeal, in accordance with Ark. R. Civ. P. 54(b);

1

(C) termination of parental rights;

(D) denial of right to appointed counsel pursuant to Ark. Code Ann. § 9-27- 316(h); and

(E) denial of a motion to intervene.

(2) The circuit court shall enter and distribute to all the parties all dependency-neglect orders no later than thirty (30) days after a hearing.

(b) Notice, Indigency, and Time for Appeal.

(1) The notice of appeal shall be filed within twenty-one (21) days following the entry of the circuit court order from which the appeal is being taken.

(A) If the court announces its ruling from the bench and an appellant files a notice of appeal prior to the entry of the order, it shall be deemed to be filed the day after the order is entered.

(B) The notice of appeal and designation of record shall be signed by the appellant, if an adult, and appellant's counsel. The notice shall set forth the party or parties initiating the appeal, the address of the parties or parties, and specify the order from which the appeal is taken.

(2) If the appellant alleges indigency for purpose of the appeal, the appellant shall file a motion, with notice to all parties, to request an indigency determination within fourteen (14) days following the entry of the order from which the appeal is taken.

(A) If the appellant has had a court determination of indigency prior to the hearing from the order from which the appeal is taken, the appellant shall seek a re-determination of indigency for purpose of appeal and shall submit a new affidavit for the court to determine indigency for the purpose of appeal.

(B) The circuit court shall rule on appellant's indigency motion within five (5) days of the indigency motion being filed. If the court conducts a hearing on the indigency motion, the judge may conduct the indigency hearing outside of the county and by teleconference. The court shall use the federal poverty

guidelines provided by the Administrative Office of the Courts in making its indigency determination.

(C) If the appellant is determined indigent for purpose of appeal, the notice shall indicate that the court has made a determination of indigency for payment of the record. Trial counsel for indigent parents or custodians shall not be relieved as counsel for purpose of appeal until relieved by the Public Defender Commission as provided in Rule 6-10(c). If appellant is determined not indigent, appellant shall state that arrangements for payment of the record have been made.

(3) If a timely notice of appeal is filed, any other party may file a notice of cross-appeal and designation of record within five (5) days from receipt of the notice of appeal.

(4) The time in which to file a notice of appeal or a notice of cross-appeal and the corresponding designation of record will not be extended.

(5) In computing time periods in Rule 6-9(a)-(d), Ark. R. Civ. P. Rule 6(a), which provides in part that when the period of time prescribed or allowed is less than fourteen (14) days, intermediate Saturdays, Sundays, or legal holidays shall be excluded in the computation, shall apply. All other time periods in Rule 6-9 shall be calculated on a calendar-day basis except when the rule expressly provides for business-day computation.

(c) Record on Appeal.

(1) The record for appeal shall be limited to the transcript of the hearing from which the order on appeal arose, any petitions, pleadings, and orders relevant to the hearing from which the order on appeal arose, all exhibits entered into evidence at that hearing, and all orders entered in the case prior to the order on appeal.

(2) The appellant and the cross-appellant, if any, shall (A) complete a Notice of Appeal (Cross-Appeal) and Designation of Record (Form 1); (B) file Form 1 with the Circuit Clerk; and (C) serve Form 1 on the court reporter and all parties by any form of mail which requires a signed receipt.

(3) The designation-of-record portion of Form 1 shall identify the hearing from which the order being appealed arose, and shall designate

the date(s) of the hearing resulting in the order being appealed. Service of the Notice of Appeal and Designation of Record (Form 1) shall constitute a request for transcription of the hearing from which the order of the appeal arose.

(4) Within five (5) days after receipt of the Notice of Appeal and Designation of Record (Form 1), the court reporter shall file a statement by mail or fax with the Circuit Clerk indicating whether arrangements for payment have been made and that the record will be completed timely. The court reporter shall make arrangements for the record to be completed and certified within sixty (60) days.

(d) *Transmission of Record.* Absent extraordinary circumstances, the record on appeal shall be electronically filed with the Clerk of the Supreme Court within seventy (70) days of the filing of the Notice of Appeal. Within sixty (60) days after the filing of the Notice of Appeal and Designation of Record (Form 1), the Circuit Clerk and the court reporter must provide their respective portions of the record to the appellant for submission to the Clerk of the Supreme Court. After the record has been duly certified by the Circuit Clerk and the court reporter, it shall be the responsibility of the appellant to transmit the record to the Clerk of the Supreme Court for filing.

(e) Appellants' Briefs. Within thirty (30) days after transmission of the record to the Clerk of the Supreme Court, the appellant shall file an appellant's brief that complies with Rule 4–2(a) and that shall also include a completed "Petition on Appeal" form (Form 2). Appellants' briefs shall be filed using the electronic filing system provided by the Administrative Office of the Courts, and no paper copies are required. Any person proceeding pro se and any person with a disability or special need that prevents him or her from filing electronically shall be permitted to submit conventional paper filings. Parties filing conventionally shall provide one paper copy of the brief at the time of filing.

(f) Appellees' Briefs and Cross–Appellants' Briefs. Within twenty days after filing of the appellant's brief, any appellee may file an appellee's brief or an appellee/cross-appellant's brief that complies with Rules 4–2(b) and that includes a completed "response to the petition on appeal or cross-appeal" form (Form 3). Appellees' briefs and appellee/cross-appellants' briefs shall be filed using the electronic filing system provided by the Administrative Office of the Courts, and no paper copies are required. Any person proceeding pro se and any person with a disability or special need that prevents him or her from filing electronically shall be permitted to submit conventional paper filings. Parties filing conventionally shall provide one paper copy of the brief at the time of filing.

(g) Reply Briefs, Reply/Cross-Appellees' Briefs, and Cross-Appellants' Reply Briefs. The appellant will have ten calendar days after appellee's brief or appellee/cross-appellant's brief is filed to file a reply brief or reply/cross-appellee's brief that complies with Rule 4-2(c). If appellee files a cross-appellant's brief and the appellant has filed a cross-appellee's brief, the appellee will have ten (10) calendar days to file a cross-appellant's reply brief. The briefs shall be filed using the electronic filing system provided by the Administrative Office of the Courts, and no paper copies are required. Any person proceeding pro se and any person with a disability or special need that prevents him or her from filing electronically shall be permitted to submit conventional paper filings. Parties filing conventionally shall provide one paper copy of the brief at the time of filing.

(h) Extensions. The Clerk of the Supreme Court shall have the authority to grant one seven-day extension for completion of the record and one seven-day extension to any party to the appeal to file the appellant's brief or the appellee's brief. The extension shall be computed from the date the brief was originally due. Absent extraordinary circumstances, no other extensions shall be granted.

(i) Style, Content, and Filing of Briefs. Briefs in dependency-neglect cases shall comply with the content, style, and filing requirements of Rules 4-1, 4-2, and 4-4 except when Rule 6-9 provides differently. Reference to any minor in the briefs shall be by pseudonym. Other parties seeking anonymity shall comply with Rule 6-3 of the Rules of the Supreme Court and Court of Appeals.

(j) Procedure for No-Merit Briefs, Pro Se Points, and State's Response.

> (1) After studying the record and researching the law, if appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit brief and move to withdraw. In addition to the requirement set forth in subsection (e), counsel's no-merit brief must include the following:

>> (A) The argument section of the brief shall list all adverse rulings to the appellant made by the circuit court on all objections, motions, and requests made by the party at the hearing from which the appeal arose and explain why each adverse ruling is not a meritorious ground for reversal.

>> (B) The statement of the case and the facts shall contain all rulings adverse to the appellant, made by the Circuit Court at the hearing from which the order of appeal arose.

5

(2) Appellees are not required to, but may, respond to a no-merit brief. Appellees may file a concurrence letter supporting the no-merit brief. Any response by an appellee shall be filed within twenty (20) days of the filing of the no-merit brief.

(3) The Clerk of the Supreme Court shall mail the appellant, at the appellant's last known address, a copy of the no-merit brief and the motion to withdraw. The Clerk shall notify the appellant in writing that the appellant may raise any points that the appellant chooses and that these points may be typewritten or handwritten. The Clerk shall also notify the appellant that the points shall be received by the Supreme Court Clerk by mail or other method of delivery within thirty (30) days from the date the Clerk mailed the appellant the notification.

(4) The Clerk shall provide appellant's points by electronic transmission or other method of delivery to the Department of Human Services — Office of Chief Counsel, the Attorney Ad Litem, and appellant's counsel within three (3) business days.

(5) The Arkansas Department of Human Services shall respond and any other appellees may respond to appellant's pro se points by filing a/the response within twenty (20) days of receipt by the Clerk of the Supreme Court of the appellant's pro se points.

(k) Ruling.

(1) Dependency-neglect proceedings shall be prioritized on the calendar of the appellate court. Once a case is ready for submission, the Clerk of the Supreme Court shall submit the case for decision.

(2) If a party files a petition for rehearing with the appellate court or petition for review with the Supreme Court, it shall be filed within ten (10) calendar days of the appellate court's decision and the response shall be filed within ten (10) calendar days of the filing of the petition. A petition for rehearing shall comply with Rule 2-3 and a petition for review shall comply with Rule 2-4 of the Rules of the Supreme Court and Court of Appeals in all respects, except for the number of days for filing. No supplemental briefs or extensions shall be allowed. The Clerk of the Supreme Court shall submit the petition for decision.

**Addition to Reporter's Notes, 2022 Amendment:**

Subsection (d) is revised to coincide with the adoption of rules concerning electronic records in the Supreme Court and the Court of Appeals. *In re Final Rules for Acceptance of Records in Electronic Format and Elimination of the Abstracting and Addendum Requirements*, 2020 Ark. 421 (per curiam). The rules now require separate preparation and filing of the clerk's portion of the record and the court reporter's portion of the record. This revision reflects that change.

Subsection (i) is revised to coincide with the 2022 amendments to Rule 6-3 requiring the use of pseudonyms to protect the anonymity of minors in all papers including briefs. *In re Amendments to Rule 6-3 of the Rules of the Supreme Court and Court of Appeals and Rule 6 of the Rules of Appellate Procedure–Civil*, 2022 Ark. 182 (per curiam). The prior version of Rule 6-3 required the use of minors' initials. This revision reflects that change.