Cite as 2024 Ark. App. 412

# ARKANSAS COURT OF APPEALS

No. CV-24-228

| | |
|---|---|
| STACI BURNS (MITCHELL) <br> APPELLANT <br><br> V. <br><br> KEATON DILLINGER <br> APPELLEE | **Opinion Delivered** September 4, 2024 <br><br> PRAIRIE COUNTY CIRCUIT COURT, NORTHERN DISTRICT [No. 59NDR-23-1] <br><br> HONORABLE CRAIG HANNAH, JUDGE <br><br> APPELLANT'S MOTION FOR FURTHER RELIEF <br><br> MOTION GRANTED; FINAL EXTENSION |

**PER CURIAM**

Staci Burns (Mitchell) moves this court to enforce an order we entered in April 2024. That order directed the Clerk of the Prairie County Circuit Court (Northern District) to prepare the record pleadings for an appeal. It also conscripted the circuit court's help should that be required. Here is what we filed on April 24:

> The circuit clerk is directed to produce the case file forthwith, so the supplemental record[1] can be filed with this court's clerk by May 24, 2024. If the original case file is unavailable or incomplete for any reason, then the circuit court is directed to settle the record forthwith, so the supplemental record can be filed with this court's clerk by May 24, 2024.

---

[1]This case presents the rare situation where the court reporter's transcript was timely prepared and filed with this court's clerk as a partial record, but the circuit clerk's record-pleadings file is AWOL.

This court's directives were clear and closed-ended. But they have not yet been honored. We have received no information from the circuit clerk's office regarding the status of the record of pleadings designated for appeal in case no. 59NDR-23-1 (now CV-24-228). Instead, Mitchell had to move us to enforce the April 2024 order because she is out of her perceived procedural rope, and more delay mounts. For the record, we have no communication from appellee's counsel either. Mitchell's counsel has seemingly been rowing upstream, mostly alone.

Because, at minimum, Gaylon Hale, Clerk of the Prairie County Circuit Court, has failed to comply with our April 2024 order—much less communicate to us a good-cause basis for the continued delay—we must grant Mitchell's most recent motion for more time to file the record-pleadings case material with our clerk. The time to settle or compile a complete supplemental record is hereby extended to 3 October 2024. If Clerk Hale fails to respond by the October deadline, in a manner that satisfies this court, then we may issue an order directing the circuit clerk to appear and show cause why we should not hold her in contempt. *See, e.g.*, *James Tree & Crane Serv., Inc. v. Fought*, 2015 Ark. 6 (show-cause order issued to court reporter); *Blue Cross Blue Shield v. Freeway Surgery Center*, 2023 Ark. App. 91 (contempt citation and sanction issued against court reporter). We, of course, would much rather have a proper electronic record-pleadings file made available to appellant Staci Mitchell, so she can fully and timely exercise her appeal rights.

If the current Prairie County circuit-court file, which also contains a lengthy record of proceedings transferred from Phillips County Circuit Court in September 2022, cannot be "located" for whatever reason—and it's hard to see why that would be from our cursory

2

review of the two counties' docketed electronic files on Internal Court Connect[2]—then the parties and the circuit court may use Arkansas Rule of Appellate Procedure–Civil 6(e) (2024) (correction or modification of the record) to prepare a bona fide and complete electronic record-pleadings file.

In December 2020, the Arkansas Supreme Court made clear that electronic appellate records are required in cases where notices of appeal were filed after 1 June 2021. *In Re Final Rules for Acceptance of Records on Appeal in Electronic Format*, 2020 Ark. 421 (17 December 2020) ("Because the pilot-project has been a success, we adopt the proposed amendments as final with some minor additions and revisions, and we make the electronic filing of appeal records *mandatory for cases* in which the notice of appeal was filed on or after June 1, 2021.") (emphasis added). The notice of appeal in this case was filed in October 2023.

The bottom line is that some resolution must be reached at the circuit-court level, and soon, so the delay ends, and the appellate record is completed in accord with Mitchell's notice of appeal and designation of the record; she designated "the entire record held by the

---

[2]We may take judicial notice of at least the *existence* of the two circuit clerk dockets because they must be kept, *see* Ark. Code Ann. § 16-20-303 (Repl. 1999) & Ark. Sup. Ct. Admin. Order No. 2(a), and this court can "take judicial notice of public records that are required to be kept[,]" at least when deciding motions. *Falcon Cable Media LP v. Arkansas Pub. Serv. Comm'n*, 2012 Ark. 463, at 6, 425 S.W.3d 704, 708. We do so here not primarily for the substantive content of the dockets, but to point out the frustration of waiting on docketed filings that appear to have been available all along to the parties' attorneys—not to mention the Prairie County Circuit Clerk, whose task is to compile and certify them for the record. Ark. R. App. P.–Civ. 6 & 7 (2024). Yet, for five months, we have not received a good explanation for the delay in compiling and docketing a complete record on appeal.

clerk [of Prairie County]." With the cooperation of the presiding circuit judge, the circuit clerk, and the attorneys of record, there should be no reason for more delay.

Motion for further relief granted; an electronic supplemental record (all "record pleadings") is due in thirty days (4 October 2024). Final Extension.

GRUBER, J., not participating.